**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**Cynthia Gaddis, OSB No. 113907**
cindygaddis@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

        Of Attorneys for Plaintiff


### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **KIMBERLY ARNOLD,** | Case No. 3:10-CV-01025-AC |
| Plaintiff, | **JOINT JURY INSTRUCTIONS** |
| vs. | |
| **PFIZER INC.,** | |
| Defendant. | |


Plaintiff and Defendant submit the following proposed jury instructions:

| Number | Title | Agreed | Plaintiff's Proposed Instruction | Defendant's Proposed Instruction |
|---|---|---|---|---|
| 1. | DUTY OF JURY (1.1A) | X | | |
| 2. | DUTY OF JURY (1.1C) | X | | |
| 3. | CLAIMS AND DEFENSES (1.2) (MODIFIED) | X | | |
| 4. | BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE (1.3) | X | | |
| 5. | BURDEN OF PROOF-CLEAR | X | | |

PAGE 1 – JOINT JURY INSTRUCTIONS

| | | | | |
|---|---|---|---|---|
| | AND CONVINCING EVIDENCE (1.4) | | | |
| 6. | WHAT IS EVIDENCE (1.6) | X | | |
| 7. | WHAT IS NOT EVIDENCE (1.7) | X | | |
| 8. | EVIDENCE FOR LIMITED PURPOSE (1.8) | X | | |
| 9. | DIRECT AND CIRCUMSTANTIAL EVIDENCE (1.9) | X | | |
| 10. | RULING ON OBJECTIONS (1.10) | X | | |
| 11. | CREDIBILITY OF WITNESSES (1.11) | X | | |
| 12. | CONDUCT OF THE JURY (1.12)(MODIFIED) | X | | |
| 13. | NO TRANSCRIPT AVAILABLE TO JURY (1.13) | X | | |
| 14. | TAKING NOTES (1.14) | X | | |
| 15. | BENCH CONFERENCES AND RECESSES (1.18) | X | | |
| 16. | OUTLINE OF TRIAL (1.19) | X | | |
| 17. | EXPERT OPINION (2.11) | X | | |
| 18. | DEPOSITION IN LIEU OF LIVE TESTIMONY (2.4)(MODIFIED) | X | | |
| 19. | DUTY TO DELIBERATE (3.1) | X | | |
| 20. | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY (3.1A) | X | | |
| 21. | COMMUNICATION WITH COURT (3.2) | X | | |
| 22. | RETURN OF VERDICT (3.3) | X | | |
| 23. | LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE (4.2) | X | | |
| 24. | DAMAGES—PROOF (5.1) (MODIFIED) | X | | |
| 25. | MEASURES OF TYPES OF DAMAGES (5.2) | X | | |
| 26. | DAMAGES-MITIGATION (5.3) | X | | |
| 27. | DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE (5.4) | X | | |
| 28. | PUNITIVE DAMAGES (5.5)(MODIFIED) | X | | |
| 29. | ADA EMPLOYMENT ACTIONS – WHERE EVIDENCE SUPPORT | | X (motivating factor) | X (sole reason) |

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

| | | | | |
|---|---|---|---|---|
| | "SOLE REASON" OR "MOTIVATING FACTOR" (12.1A) | | | |
| 30. | ADA EMPLOYMENT ACTIONS—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF (12.1C) | | X | |
| 31. | ADA EMPLOYMENT ACTIONS-"SOLE FACTOR"-ELEMENTS AND BURDEN OF PROOF (12.1C) | | | X |
| 32. | ADA PHYSICAL OR MENTAL IMPAIRMENT (12.2) | X | | |
| 33. | ADA-QUALIFIED INDIVIDUAL (12.6) | X | | |
| 34. | ADA- ABILITY TO PERFORM ESSENTIAL FUNCTIONS-FACTORS (12.7)(MODIFIED) | X | | |
| 35. | ADA-REASONABLE ACCOMMODATION (12.8) | X | | |
| 36. | STANDARDS FOR ADA APPLY TO OREGON DISABILITY CLAIM | X | | |
| 37. | ADA-RETALIATION (12.10) | | X (motivating reason) | X (sole factor) |
| 38. | ADA-DEFENSES-DIRECT THREAT (12.12) | | | X |
| 39. | FMLA INTERFERENCE | | X | X |
| 40. | FMLA RETALIATION | | | X |
| 41. | CIVIL RIGHTS--TITLE VII--DEFENSE--AFTER-ACQUIRED EVIDENCE (10.5C) | X | | |
| 42. | STATUTE OF LIMITATIONS | | X | X |
| 43. | DRUG USE NOT A DISABILITY | | | X |

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

# AGREED INSTRUCTIONS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 1**

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Circuit Model Jury Instruction 1.1A (2007)

PAGE 5 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction No. 2**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Circuit Model Jury Instruction 1.1C (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 3**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims disability discrimination under the Americans With Disabilities Act (ADA) and ORS 659A.100 *et seq.*, retaliation under the ADA, and interference with her rights under the Family and Medical Leave Act (FMLA).  The plaintiff has the burden of proving these claims.

The defendant Pfizer, Inc. denies those claims against it, and further but asserts that even if discriminatory or retaliatory reasons were a factor in any employment decision involving the plaintiff, the defendant would have made the same employment decision with regard to the plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons, which would absolve it of any liability.  The defendant has the burden of proving this defense.

Defendant also contends that after it terminated plaintiff's employment, it learned of additional information which would have resulted in the termination of plaintiff's employment had it known that information.  Defendant has the burden of proving this defense, which would not absolve it of liability, but would limit plaintiff's damages.

Ninth Circuit Model Jury Instruction 1.2 (2007)(modified to specify the claims and defenses)

PAGE 7 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction No. 4**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Model Jury Instruction 1.3 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 5**

**1.4 BURDEN OF PROOF--CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Model Instruction 1.4 (2007)

PAGE 9 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction No. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

Ninth Circuit Model Jury Instruction 1.6 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## Joint Jury Instruction No. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction 1.7 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff's Jury Instruction No. 8**

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

The testimony you are about to hear may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.*

*The parties will not know to which testimony this instruction will apply and the purpose of such testimony until the Court has heard the parties regarding their motions in limine.

Ninth Circuit Model Jury Instruction 1.8 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction 1.9 (2007)

PAGE 13 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction No. 10**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Jury Instruction 1.10 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 11**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit Model Jury Instruction 1.11 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 12**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction 1.12 (2007)(modified to include communications with the media or press)

PAGE 16 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction No. 13**

**NO TRANSCRIPT AVAILABLE**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Ninth Circuit Model Jury Instruction 1.13 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 14**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction 1.14 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Ninth Circuit Model Jury Instruction 1.18 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 16**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Jury Instruction 1.19 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 17**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction 2.11 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 18**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [_witness_] was taken on [_date_]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Ninth Circuit Model Jury Instruction 2.4 (2007)(modified to include names of witnesses and dates of depositions after rulings are made as to which depositions may be used)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 19**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Jury Instruction 3.1 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 20**

**CONSIDERATION OF THE EVIDENCE-CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction 3.1A (2007)(modified)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 21**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Ninth Circuit Model Jury Instruction 3.2 (2007)(modified)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 22**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Ninth Circuit Model Jury Instruction 3.3 (2007)(modified)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 23**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Ninth Circuit Model Jury Instruction 4.2 (2007)

PAGE 27 – JOINT JURY INSTRUCTIONS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 24**

**5.1 DAMAGES—PROOF (MODIFIED)**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of the plaintiff's claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries;

The mental and emotional pain and suffering experienced by the plaintiff;

The reasonable value of wages, benefits, earnings and earning capacity lost to the present time; and

The reasonable value of wages, benefits, earnings and earning capacity which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Ninth Circuit Model Jury Instruction 5.1 (2007)(modified to correspond with the claims)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 25**

**MEASURES OF TYPES OF DAMAGES (MODIFIED)**

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The mental and emotional pain and suffering experienced by the plaintiff;

The reasonable value of wages, benefits, earnings and earning capacity lost to the present time; and

The reasonable value of wages, benefits, earnings and earning capacity which with reasonable probability will be lost in the future.

Ninth Circuit Model Jury Instruction 5.2 (2007)(modified to correspond with the claims)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 26**

**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

Ninth Circuit Model Jury Instruction 5.3 (2007)

PAGE 30 – JOINT JURY INSTRUCTIONS

**Jury Instruction No. 27**

**5.4 DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

Ninth Circuit Model Rule 5.4 (2007)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## 5.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights, and that the conduct was committed by an agent in a "managerial capacity" or approved by a managerial agent of the defendant. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Ninth Circuit Model Jury Instruction 5.5 (2007)(modified to include portions of the model instruction that are set out in brackets as optional in the model instruction; also modified to include agency principals set out in *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 542-543 (1999)).

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 32**

**12.2 ADA—PHYSICAL OR MENTAL IMPAIRMENT**

As you have been instructed, the first element of the ADA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the ADA. A "disability" under the ADA is a physical or mental impairment, a record of physical or mental impairment, or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological and musculoskeletal or (2) any mental or psychological disorder such as emotional or mental illnesses and learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.
Factors to consider in deciding whether a major life activity is substantially limited include:

(1) the nature and severity of the impairment;

(2) the duration or expected duration of the impairment; and

(3) the permanent or long-term impact of the impairment.

Ninth Circuit Model Instruction 12.2 (modified to correspond with Plaintiff's alleged physical and mental impairment)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 33**

**12.6 ADA—QUALIFIED INDIVIDUAL**

The second element of the ADA claim that the plaintiff must prove is that the plaintiff is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

Ninth Circuit Model Civil Jury Instruction 12.6 (2007)(modified)

PAGE 34 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction 34**

## 12.7 ADA—ABILITY TO PERFORM ESSENTIAL FUNCTIONS—FACTORS (MODIFIED)

An essential function of an employment position means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

(1) Whether the reason the position exists is to perform that function;

(2) Whether there are a limited number of employees available among whom the performance of that job function can be distributed;

(3) Whether the job function is highly specialized, and the person in that particular position is hired for her expertise or ability to perform the particular function;

(4) The amount of time spent performing the job function; and

(5) The consequences of not requiring the individual holding the position to perform the function.

Ninth Circuit Model Instruction 12.7 (modified to include factors relevant to this case)

PAGE 35 – JOINT JURY INSTRUCTIONS

**Joint Jury Instruction No. 35**

**12.8    ADA—REASONABLE ACCOMMODATION (MODIFIED)**

To establish the defendant's duty to provide a reasonable accommodation, the plaintiff must prove, by a preponderance of the evidence, the following elements:

1.  The plaintiff had a disability

2.  the plaintiff requested an accommodation of a disability; and

2.  the defendant could have made the reasonable accommodation but failed to do so.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

Ninth Circuit Model Civil Jury Instruction 12.8 (2007)(modified to specify the disability and the accommodation)

PAGE 36 – JOINT JURY INSTRUCTIONS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 36**

**STANDARDS FOR ADA APPLY TO OREGON DISABILITY CLAIM**

Please apply the same standards and definitions to the plaintiff's disability claim under Oregon state law, ORS 659A.030, as for her claims under the ADA.

*Snead v. Metropolitan Property & Cas. Ins. Co.,* 237 F. 3d 1080, 1087 (9th Cir. 2001)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Joint Jury Instruction No. 41**

**10.5C CIVIL RIGHTS--TITLE VII--DEFENSE--AFTER-ACQUIRED EVIDENCE**

The defendant contends that the defendant would have made the same decision to the plaintiff because although it was against defendant's policy, and she had specifically been instructed to advise defendant of any change in her treatment regimen related to the use of sedating narcotic pain medication, defendant learned that she continued to use sedating narcotic medication while working/driving for defendant. If the defendant proves by a preponderance of the evidence that the defendant could have made the same decision and would have discharged the plaintiff because of continuing such use of sedating narcotic pain medication, you should limit any award of back pay to the date the employer would have made the decision to discharge the plaintiff as a result of learning about her continued use of sedating narcotic pain medication.

Ninth Circuit Model Instruction 10.5C (2007)(modified to describe plaintiff's conduct and the after-acquired evidence)

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

# PLAINTIFF'S OPPOSED INSTRUCTIONS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff's Proposed Instruction No. 29**

## 12.1A ADA EMPLOYMENT ACTIONS—WHERE EVIDENCE SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR" (MODIFIED)

The plaintiff has brought a claim of employment discrimination based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not discriminate against an individual who has a disability when that individual is qualified to perform the essential functions of the job with or without a reasonable accommodation.

The plaintiff claims that her disability was a motivating factor for the defendant's decision to discharge the plaintiff. The defendant denies that the plaintiff's disability was a motivating factor for the defendant's decision to discharge the plaintiff and further claims the decision to discharge the plaintiff was based upon lawful reasons.

Ninth Circuit Model Civil Jury Instruction 12.1A (2007)(modified to select motivating factor)

**Plaintiff's Supporting Explanation**

The Ninth Circuit uses motivating factor in employment cases under Title I. See *Head v. Glacier,* 413 F.3d 1053, 1065 (2006). Plaintiff has been pursuing a claim based on the motivating factor standard throughout the life of this court case, including in her second Amended Complaint and her response to Defendant's Motion for Summary Judgment. Should the Court adopt a "sole factor" standard, Pfizer loses its ability to assert the "same employment decision" defense. That affirmative defense is not available when the plaintiff proves that the only cause of the employment action was discriminatory.
*Wong v. Regents of Univ. of California* is a Title II case and does not apply.

**Defendant's Opposing Explanation**

The Ninth Circuit utilizes the "solely" standard in ADA cases. *Wong v. Regents of Univ. of California* 192 F.3d 807, 816 (9th Cir. 1999); *Zukle v. Regents of the Univ. of California* 166 F.3d 1041 (9th Cir. 1999).

PAGE 40 – JOINT JURY INSTRUCTIONS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff's Proposed Instruction No. 30**

**12.1C ADA EMPLOYMENT ACTIONS—"MOTIVATING FACTOR"—ELEMENTS
AND BURDEN OF PROOF (MODIFIED)**

As to the plaintiff's claim that her disability was a motivating factor for defendant's decision to terminate her, the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. the plaintiff has a disability within the meaning of the ADA;

2. the plaintiff was a qualified individual as that term is defined later in these instructions; and

3. the plaintiff's disability was a motivating factor in the defendant's decision to discharge the plaintiff.

Ninth Circuit Model Civil Jury Instruction 12.1C (2007)(modified)

<u>**Plaintiff's Supporting Explanation**</u>

The Ninth Circuit uses motivating factor in employment cases under Title I. See *Head v. Glacier,* 413 F.3d 1053, 1065 (2006). The case cited by Defendant is a Title II case. Should the Court adopt a "sole factor" standard, Pfizer loses its ability to assert the "same employment decision" defense. That affirmative defense is not available when the plaintiff proves that the only cause of the employment action was discriminatory.

<u>**Defendant's Opposing Explanation**</u>

The Ninth Circuit utilizes the "solely" standard in ADA cases. *Wong v. Regents of Univ. of California* 192 F.3d 807, 816 (9th Cir. 1999); <u>*Zukle v. Regents of the Univ. of California*</u> 166 F.3d 1041 (9th Cir. 1999).

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff's Proposed Instruction No. 37**

**12.10 ADA—RETALIATION (MODIFIED)**

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

Disability is not an element of a retaliation action under the ADA.

For the plaintiff to establish retaliation in violation of the ADA, the plaintiff must prove the following elements by a preponderance of evidence:

1. the plaintiff engaged in conduct protected under the ADA by requesting accommodation for her back condition, by putting the defendant on notice of her need for accommodation for ADD or by requesting accommodation for her ADD;

2. the plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred;

3. there was a causal link between the protected activity and the adverse employment action; and

4. the plaintiff's protected activity was a motivating factor in the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Ninth Circuit Model Civil Jury Instruction 12.10 (2007)(modified to specify the plaintiff's protected conduct)

**Plaintiff's Supporting Explanation**

The Ninth Circuit uses motivating factor in employment cases under Title I. See *Head v. Glacier,* 413 F.3d 1053, 1065 (2006). The case cited by Defendant is a Title II case. Should the Court adopt a "sole factor" standard, Pfizer loses its ability to assert the "same employment decision" defense. That affirmative defense is not available when the plaintiff proves that the only cause of the employment action was discriminatory.

**Defendant's Opposing Explanation**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

The Ninth Circuit utilizes the "solely" standard in ADA cases. *Wong v. Regents of Univ. of California* 192 F.3d 807, 816 (9th Cir. 1999); <u>*Zukle v. Regents of the Univ. of California* 166 F.3d 1041 (9th Cir. 1999).</u>

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff's Proposed Instruction No. 39**

**FMLA INTERFERENCE**

The plaintiff claims that the defendant interfered with her rights under the Family and Medical Leave Act (FMLA).

The plaintiff must prove that:

(1) The plaintiff requested or took FMLA-protected leave; and

(2) The plaintiff's request or use of FMLA-protected leave was a negative factor in an adverse employment action.

"Negative factor" means that the defendant is liable if it used FLMA leave as a factor at all.

*Bachelder v. Am. West Airlines, Inc.,* 259 F.3d 1112, 1124-1125 (9th Cir. 2001)

**Plaintiff's Supporting Explanation**

The Ninth Circuit construes retaliation for taking protected FMLA leave as a claim for FMLA interference. *Bachelder v. Am. West Airlines, Inc.,* 259 F.3d 1112, 1124-1125 (9th Cir. 2001). Plaintiff's claim is that Defendant terminated her when she put her supervisors on notice of her need for more FMLA leave. The termination served to both deny Plaintiff of the leave and as a retaliatory action for requesting leave. Plaintiff's proposed instruction covers all the bases for her FMLA interference claim.

A defendant is liable for FMLA violation if it uses FMLA as a negative factor in its decision to terminate an employee. *Liu v. Amway Corp,* 347 F.3d 1125, 1135-1136 (9th Cir. 2003). This does not allow for a defendant to escape liability by asserting a same employment decision defense.

**Defendant's Objection**

An FMLA claim can be stated as an interference or retaliation claim. The Ninth Circuit does not use the negative factor standard for an FMLA interference claim. The Ninth Circuit has held for FMLA interference claims "the employee must establish that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport, 657 F.3d 772, 778* (9th Cir. Or. 2011). Moreover, for an FMLA retaliation claim, a motivating factor standard should apply, as in the Modern Model Instruction proposed by Defendant. Defendant will not be liable if it proves that it would have taken the same employment action even without considering Plaintiff's request for leave.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Plaintiff's Proposed Instruction No. 42**

**STATUTE OF LIMITATIONS**

Defendant cannot be liable for any conduct that occurred to June 2008, because plaintiff is time barred from bringing any action based on conduct occurring before that time. However, you may consider the conduct as background evidence for the plaintiff's timely claims.

**Legal Authority**
See 42 U.S.C. § 12117(a) (adopting Title VII's filing requirements, which are set forth in 42 U.S.C. § 2000e-5(e)(1) (300 days); ORS 659A.875 (one year)); *Morgan v. Nat'l RR Passenger Corp.*, 536 U.S. 101, 114 (2002); *Lucke v. Multnomah County*, 2008 U.S. Dist. LEXIS 71861, at *64 (D. Or. 2008)(quoting *National Railroad Passenger Crop v. Morgan*, 536 U.S. 101, 113 (2002)).

**Plaintiff's Supporting Explanation**

Defendant proposes an instruction that defendant cannot be liable for conduct before June 2008 which does not instruct the jury that it may consider evidence of that conduct as background evidence. Plaintiff intends to present this evidence and the jury will not understand for what purpose it is to hear and consider this evidence without the full instruction.

**Defendant's Supporting Explanation**

Some of the conduct alleged in plaintiff's Second Amended Complaint occurred prior to June 2008, and the jury should be instructed that defendant cannot be liable for any of such conduct.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

# DEFENDANT'S OPPOSED INSTRUCTIONS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Defendant's Proposed Instruction No. 29**

**12.1A ADA EMPLOYMENT ACTIONS—WHERE EVIDENCE SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR" (MODIFIED)**

The plaintiff has brought a claim of employment discrimination based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not discriminate against an individual who has a disability when that individual is qualified to perform the essential functions of the job with or without a reasonable accommodation.

The plaintiff claims that her disability was the sole factor for the defendant's decision to discharge the plaintiff. The defendant denies that the plaintiff's disability was the sole factor for the defendant's decision to discharge the plaintiff and further claims the decision to discharge the plaintiff was based upon lawful reasons.

Ninth Circuit Model Civil Jury Instruction 12.1A (2007)(modified to select sole factor)

**Defendant's Supporting Explanation**

The Ninth Circuit utilizes the "solely" standard in ADA cases. *Wong v. Regents of Univ. of California* 192 F.3d 807, 816 (9th Cir. 1999); *Zukle v. Regents of the Univ. of California* 166 F.3d 1041 (9th Cir. 1999). Thus, the jury should be instructed on the "solely" standard.

**Plaintiff's Objection**

The Ninth Circuit uses motivating factor in employment cases under Title I. See *Head v. Glacier,* 413 F.3d 1053, 1065 (2006). The case cited by Defendant is a Title II case. Should the Court adopt this standard, Pfizer loses its ability to assert the "same employment decision" defense. That affirmative defense is not available when the plaintiff proves that the only cause of the employment action was discriminatory.

Furthermore, Plaintiff has never alleged that her disability or her request for accommodation was the sole factor for her termination. She also alleged that Defendant impermissibly used her FMLA as a negative factor and her injured worker status, although the court has since ruled that she cannot prove a claim based on her injured worker status.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

<h1 align="center">Defendant's Proposed Instruction No. 31</h1>

<h2 align="center">12.1B ADA EMPLOYMENT ACTIONS—"SOLE REASON"—ELEMENTS AND BURDEN OF PROOF</h2>

As to the plaintiff's claim that her disability was the sole reason for the defendant's decision to discharge her, the plaintiff has the burden of proving the following evidence by a preponderance of the evidence:

1. The plaintiff has a disability within the meaning of the ADA;

2. The plaintiff was a qualified individual as that term is defined later in these instructions; and

3. The plaintiff was discharged solely because of the plaintiff's disability.

If you find that plaintiff has proved all of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

## Legal Authority

The Ninth Circuit utilizes the "solely" standard in ADA cases. *Wong v. Regents of Univ. of California* 192 F.3d 807, 816 (9th Cir. 1999); *Zukle v. Regents of the Univ. of California* 166 F.3d 1041 (9th Cir. 1999).

## Defendant's Supporting Explanation

The correct standard in the Ninth Circuit is the "solely" standard.

## Plaintiff's Objection

The Ninth Circuit uses motivating factor in employment cases under Title I. See *Head v. Glacier,* 413 F.3d 1053, 1065 (2006). The case cited by Defendant is a Title II case. Should the Court adopt this standard, Pfizer loses its ability to assert the "same employment decision" defense. That affirmative defense is not available when the plaintiff proves that the only cause of the employment action was discriminatory.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Defendant's Proposed Instruction No. 37**

**12.10 ADA—RETALIATION**

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

Disability is not an element of a retaliation action under the ADA.

For the plaintiff to establish retaliation in violation of the ADA, the plaintiff must prove the following elements by a preponderance of evidence:

1. The plaintiff engaged in conduct protected under the ADA;

2. The plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred;

3. There was a causal link between the protected activity and the adverse employment action; and

4. The plaintiff's protected activity was a sole or exclusive reason in the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**<u>Legal Authority</u>**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

The Ninth Circuit utilizes the "solely" standard in ADA cases. *Wong v. Regents of Univ. of California* 192 F.3d 807, 816 (9th Cir. 1999); *Zukle v. Regents of the Univ. of California* 166 F.3d 1041 (9th Cir. 1999).

## Defendant's Supporting Explanation

The Ninth's Circuit's "sole" reason standard should apply.

## Plaintiff's Supporting Explanation

The Ninth Circuit uses motivating factor in employment cases under Title I. See *Head v. Glacier,* 413 F.3d 1053, 1065 (2006). The case cited by Defendant is a Title II case. Should the Court adopt a "sole factor" standard, Pfizer loses its ability to assert the "same employment decision" defense. That affirmative defense is not available when the plaintiff proves that the only cause of the employment action was discriminatory.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Defendant's Proposed Instruction No. 38**

**12.12 ADA--DEFENSES--DIRECT THREAT**

It is a defense to the plaintiff's ADA claim if the plaintiff posed a direct threat to the health and safety of others. The defendant may require, as a qualification for the position, that an individual not pose a "direct threat" to the health or safety of others, or herself in the workplace. A health or safety risk can only be considered if it is a significant risk of substantial harm. Assessment of the existence of a direct threat must be based on valid and objective evidence and not speculation.

The defendant claiming the direct threat defense must prove by a preponderance of the evidence that the plaintiff posed a direct threat to the health or safety of others, and/or herself that could not be eliminated by a reasonable accommodation.

Factors that may be considered in determining whether an individual poses a direct threat to the health and safety of others, and/or herself are:

(1) the nature and severity of the potential harm;

(2) the duration of the potential harm;

(3) the imminence of the potential harm; and

(4) the probability of the harm occurring.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff, unless you also find that the defendant has proved this affirmative defense, in which event your verdict should be for the defendant.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

## Legal Authority

The defense set forth under 42 USCS § 12113 states "[i]t may be a defense to a charge of discrimination under this Act that an alleged application of *qualification standards*…that screen out or tend to screen out or otherwise deny a job or benefit to an individual with a disability has been shown to be job-related and consistent with business necessity, and such performance cannot be accomplished by reasonable accommodation, as required under this title." 42 USCS § 12113(a)(emphasis added). Qualification standards "may include a requirement that an individual shall not pose a *direct threat* to the health or *safety of other individuals* in the workplace." 42 USCS § 12113(b)(emphasis added). Direct threat is defined as "a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation." 42 USCS § 12111(3).

## Defendant's Supporting Explanation

Defendant will argue the defense that Plaintiff's operation of a vehicle while under the influence of certain medications was unsafe causing the delay in Plaintiff's return to work from her leave of absence. It will also rely on this instruction in combination with the after-acquired evidence defense.

## Plaintiff's Objection

Defendant asserted 12 affirmative defenses in Defendant's Answer to Plaintiff's Second Complaint. Defendant failed to assert a "direct threat" defense. Defendant may not now assert that defense. Plaintiff was not able to conduct discovery on this defense.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Defendant's Proposed Instruction No. 39**

**FMLA INTERFERENCE**

The plaintiff claims that the defendant interfered with her rights under the Family and Medical Leave Act (FMLA).

The plaintiff must prove that:

(1) The plaintiff was eligible for the FMLA's protections;

(2) The plaintiff's employer was covered by the FMLA;

(3) The plaintiff was entitled to leave under the FMLA;

(4) The plaintiff provided sufficient notice of her intent to take leave; and

(5) Defendant, her employer, denied her FMLA benefits to which she was entitled.

An eligible employee under the FMLA is one who has worked for an FMLA covered employer for at least 12 months, working at least 1,250 hours over the previous 12-month period. In addition, the employee must be employed at a worksite where 50 or more employees are employed within 75 miles.

**Legal Authority**
*Sanders v. City of Newport* (2011) 657 F.3d 772.

**Defendant's Supporting Explanation**

Plaintiff has alleged interference in violation of the FMLA, thus making this instruction appropriate. *Sanders,* is the more recent authority for an FMLA interference claim than that cited by plaintiff.

**Plaintiff's Objection**

A FMLA interference claim includes protection from retaliation for asserting one's own rights under the act. Plaintiff asserts that Pfizer interfered with her rights by both denying the leave and retaliating for requesting the leave. Defendant's instruction only covers denial of benefits. One instruction for FMLA interference that includes denial of leave and termination for requesting leave should suffice, as Plaintiff's single FMLA instruction does.

PAGE 53 – JOINT JURY INSTRUCTIONS

**Defendant's Proposed Instruction No. 40**

**88.04 FAMILY AND MEDICAL LEAVE ACT (FMLA)**

In order for a plaintiff to prevail on a claim of retaliation under the Family and Medical Leave Act claim based on a serious health condition, the plaintiff must prove all of the following elements by a preponderance of the evidence:

1. The plaintiff was eligible for leave;

2. The plaintiff suffered from a serious health condition;

3. The plaintiff was absent from work or requested leave because of that serious health condition;

4. The plaintiff gave defendant appropriate notice of her need to be absent from work;

5. The defendant discharged plaintiff;

6. The plaintiff's absence from work or request for leave was a motivating factor in defendant's decision to discharge plaintiff.

An eligible employee under the FMLA is one who has worked for an FMLA covered employer for at least 12 months, working at least 1,250 hours over the previous 12-month period. In addition, the employee must be employed at a worksite where 50 or more employees are employed within 75 miles.

**MODEL MODERN FEDERAL JURY INSTRUCTION**

**Defendant's Supporting Explanation**

This instruction tracks the language of the Model Modern Federal Jury Instruction. Motivating factor should be the standard applied to this claim.

PAGE 54 – JOINT JURY INSTRUCTIONS

**<u>Plaintiff's Objection</u>**

The Ninth Circuit construes retaliation claims to be FMLA interference claims when the plaintiff who suffered the adverse employment action is the same person who took or requested FMLA leave. The Ninth Circuit applies a "negative factor" standard to FMLA claims. This does not allow for a defendant to assert and prove a same employment decision defense as a bar to liability. If the defendant used FMLA leave as a negative factor, the plaintiff has established the defendant's liability for FMLA violation. See *Liu*, 347 F.3d at 1135-1136.

The Model Modern Federal Jury Instruction is not specific to the Ninth Circuit.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Defendant's Proposed Jury Instruction No. 42**

**STATUTE OF LIMITATIONS**

Defendant cannot be liable for any conduct that occurred to June 2008, because plaintiff is time barred from bringing any action based on conduct occurring before that time.

**Legal Authority**

See 42 U.S.C. § 12117(a) (adopting Title VII's filing requirements, which are set forth in 42 U.S.C. § 2000e-5(e)(1) (300 days); ORS 659A.875 (one year)); *Morgan v. Nat'l RR Passenger Corp.*, 536 U.S. 101, 114 (2002).

**Defendant's Supporting Explanation**

Some of the conduct alleged in plaintiff's Second Amended Complaint occurred prior to June 2008, and the jury should be instructed that defendant cannot be liable for any of such conduct.

**Plaintiff's Objection**

Defendant proposes an instruction that defendant cannot be liable for conduct before June 2008 which does not instruct the jury that it may consider evidence of that conduct as background evidence. See *Lucke v. Multnomah County,* 2008 U.S. Dist. LEXIS 71861, at *64 (D. Or. 2008)(quoting *National Railroad Passenger Crop v. Morgan,* 536 U.S. 101, 113 (2002)). Plaintiff intends to present this evidence and the jury will not understand for what purpose it is to hear and consider this evidence without the full instruction.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

**Defendant's Proposed Instruction No. 41**

**DRUG USE NOT DISABILITY**

Unsatisfactory conduct, or conduct which violates an employer's policies, which is caused by the use of prescription drugs, does not receive protection under the ADA.


**Legal Authority**

*Nielsen v. Moroni Feed Company* 162 F.3d 604 (1998 10th Cir.)


**Defendant's Supporting Explanation**

It is anticipated that plaintiff will argue her conduct which violated defendant's policies should be excused under the ADA.

**Plaintiff's Objection**

Plaintiff did not allege that her use of prescription medication was her disability. This instruction does not apply. Furthermore, *Nielsen v. Moroni Feed Company* does not support this proposed instruction. The *Nielsen* court wrote, "[U]nsatisfactory conduct caused by alcoholism and illegal drug use does not receive protection under the ADA or the Rehabilitation Act." 162 F.3d at 609. Use of prescription medication is not illegal drug use. Plaintiff had a prescription for the medication she used.

All the instruction the jury needs on plaintiff's disability claims are contained in the instructions already provided: 12.2 Physical and Mental Impairment; 12.6 Qualified Individual; 12.7 Essential Functions; and 12.8 Reasonable Accommodation. Specifically, the instruction for reasonable accommodation states: "A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee." Ninth Circuit Model Instruction 12.8 (2007). Complying with company policies was an essential function of Plaintiff's employment. Plaintiff did not request exemption from company policies as an accommodation. Defendant's proposed instruction will likely confuse the jury about what disability Plaintiff is claiming and what elements Plaintiff must prove for her ADA discrimination claim.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

DATED this 2nd day of May 2014.

LAW OFFICES OF DANIEL SNYDER

*/s/ Cynthia Gaddis*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
Cynthia Gaddis, OSB No. 113907
cindygaddis@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249