UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KIMBERLY ARNOLD,

                    Plaintiff,

            v.

PFIZER, INC.,

                    Defendant.

Case No.: 10-CV-1025-AC

JURY INSTRUCTIONS

---

Attached are the jury instructions for this case.

DATED this 13th day of June, 2014.

JOHN V. ACOSTA
United States Magistrate Judge

1 - JURY INSTRUCTIONS

# JURY INSTRUCTIONS FOLLOWING THE CLOSE OF EVIDENCE

These instructions will be in three parts: First, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff is entitled to relief, and third, after closing arguments by the attorneys, some rules for your deliberations.

## JURY INSTRUCTION NO. 1

## GENERAL RULES CONCERNING JURY DUTIES

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are important.

# JURY INSTRUCTION NO. 2

## EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court

immediately.

## JURY INSTRUCTION NO. 3

## EVALUATION OF WITNESSES TESTIMONY

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the manner in which the witness testified;

2.    the nature or quality of the witness's testimony;

3.    contradictory evidence that you find to be more probably true;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

Generally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute. You are not simply to count the number of witnesses testifying about a fact or issue, but you are to weigh the evidence.

## JURY INSTRUCTION NO. 4

## ADMISSIONS

Statements made by the Plaintiff or the Defendant that are unfavorable to that party are called admissions. A witness's testimony about such statements is to be viewed with caution. In evaluating testimony about an admission, you should consider two things:

(1)     Whether the statement was clearly and understandingly made by the Plaintiff or the Defendant; and

(2)     Whether the language is correctly remembered and accurately reported by the witness.

## JURY INSTRUCTION NO. 5

## WITNESS FALSE IN PART

If you find that any person has intentionally given false testimony in some part, you should distrust the rest of that person's testimony.

## JURY INSTRUCTION NO. 6

## IMPEACHMENT EVIDENCE -- WITNESS

Evidence that a witness has given different testimony at trial than on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness, and for no other purpose.

## JURY INSTRUCTION NO. 7

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## JURY INSTRUCTION NO. 8

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## JURY INSTRUCTION NO. 9

## BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 10

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## JURY INSTRUCTION NO. 11

## LESS SATISFACTORY EVIDENCE

In evaluating the evidence, you may consider the power of each side to produce evidence. If weaker and less satisfactory evidence is offered by either party when it appears that the party could have produced stronger and more satisfactory evidence, the evidence offered should be viewed with distrust.

## JURY INSTRUCTION NO. 12

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during trial.

## JURY INSTRUCTION NO. 13

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Lonnie Lucherini was taken on May 12, 2014. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify. Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## JURY INSTRUCTION NO. 14

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## JURY INSTRUCTION NO. 15

## LIABILITY OF CORPORATIONS - SCOPE OF AUTHORITY NOT AN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

# JURY INSTRUCTION NO . 16

## ADA EMPLOYMENT ACTIONS - "MOTIVATING FACTOR"

The Plaintiff has brought a claim of employment discrimination based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not discriminate against an individual who has a disability when that individual is qualified to perform the essential functions of the job with or without a reasonable accommodation.

The Plaintiff claims that her disability was a motivating factor for the Defendant's decision to discharge the Plaintiff. The Defendant denies that the Plaintiff's disability was a motivating factor for the Defendant's decision to discharge the Plaintiff and further claims the decision to discharge the Plaintiff was based upon lawful reasons.

# JURY INSTRUCTION NO. 17

## ADA EMPLOYMENT ACTIONS - ELEMENTS AND BURDEN OF PROOF

As to the Plaintiff's claim that her disability was a motivating factor for Defendant's decision to terminate her, the Plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1. the Plaintiff has a disability within the meaning of the ADA;

2. the Plaintiff was a qualified individual as that term is defined later in these instructions; and

3. Defendant did not engage in the interactive process regarding Plaintiff's request for accommodation; or

4. the Plaintiff's disability was a motivating factor in the Defendant's decision to discharge the Plaintiff.

# JURY INSTRUCTION NO. 18

## ADA - PHYSICAL OR MENTAL IMPAIRMENT

As you have been instructed, the first element of the ADA claim that the Plaintiff must prove is that the Plaintiff has a recognized disability under the ADA. A "disability" under the ADA is a physical or mental impairment, a record of physical or mental impairment, or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include: (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological and musculoskeletal or (2) any mental or psychological disorder such as emotional or mental illnesses and learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so. Factors to consider in deciding whether a major life activity is substantially limited include:

1. The nature and severity of the impairment;

2. The duration or expected duration of the impairment; and

3. The permanent or long-term impact of the impairment.

## JURY INSTRUCTION NO. 19

## ADA - QUALIFIED INDIVIDUAL

The second element of the ADA claim that the Plaintiff must prove is that the Plaintiff is a qualified individual under the ADA. The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

# JURY INSTRUCTION NO. 20

## ADA - ABILITY TO PERFORM ESSENTIAL FUNCTIONS - FACTORS

An essential function of an employment position means the fundamental job duties of the employment position the Plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential. If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job. Other factors that may bear upon whether a job function is essential include, but are not limited to:

1. Whether the reason the position exists is to perform that function;

2. Whether there are a limited number of employees available among whom the performance of that job function can be distributed;

3. Whether the job function is highly specialized, and the person in that particular position is hired for her expertise or ability to perform the particular function;

4. The amount of time spent performing the job function; and

5. The consequences of not requiring the individual holding the position to perform the function

# JURY INSTRUCTION NO. 21

## ADA - REASONABLE ACCOMMODATION

To establish the Defendant's duty to provide a reasonable accommodation, the Plaintiff must prove, by a preponderance of the evidence, the following elements:

1. The Plaintiff had a disability;

2. the Plaintiff requested an accommodation of a disability; and

2. the Defendant could have made the reasonable accommodation but failed to do so.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

## JURY INSTRUCTION NO. 22

## ADA - RETALIATION

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

Proof of a disability is not an element of a retaliation action under the ADA.

For the Plaintiff to establish retaliation in violation of the ADA, the Plaintiff must prove the following elements by a preponderance of evidence:

1. the Plaintiff engaged in conduct protected under the ADA by requesting accommodation for her back condition, by telling Defendant she needed an accommodation for her ADD and by requesting that accommodation;

2. the Plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct occurred;

3. there was a causal link between the protected activity and the adverse employment action; and

4. the Plaintiff's protected activity was a motivating factor in the adverse employment action.

If you find that each of the elements on which the Plaintiff has the burden of proof has been proved, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

# JURY INSTRUCTION NO. 23

## STANDARDS FOR ADA APPLY TO OREGON DISABILITY CLAIM

You must apply the same standards and definitions to the Plaintiff's disability claim under Oregon state law, ORS 659A.030, as for her claims under the ADA.

# JURY INSTRUCTION NO. 24

## DEFENSE - ADA - MIXED-MOTIVE

If Defendant proves by a preponderance of the evidence that it would have made the same decision to terminate Plaintiff regardless of whether or not she:

1. had a disability;

2. requested an accommodation for that disability; or

3. otherwise exercised her rights under the ADA;

you must find for Defendant on Plaintiff's ADA claim.

## JURY INSTRUCTION NO. 25

### DEFENSE – AFTER-ACQUIRED EVIDENCE

The Defendant contends that the Defendant would have made the same decision to terminate the Plaintiff. Defendants contend that although it was against Defendant's policy, and Plaintiff had specifically been instructed to advise Defendant of any change in her treatment regimen related to the use of sedating narcotic pain medication, Defendant learned that Plaintiff continued to use sedating narcotic medication while working and driving for Defendant. If the Defendant proves by a preponderance of the evidence that the Defendant would have made the same decision and would have discharged the Plaintiff because of continuing such use of sedating narcotic pain medication, you should limit any award of back pay to the date the employer would have made the decision to discharge the Plaintiff as a result of learning about her continued use of sedating narcotic pain medication.

# JURY INSTRUCTION NO. 26

## STATUTE OF LIMITATIONS

Defendant cannot be liable for any conduct that occurred prior to June 2008, because Plaintiff is time-barred from bringing any action based on conduct occurring before that time. However, you may consider the conduct as background information for the Plaintiff's timely claims.

# JURY INSTRUCTION NO. 27

## INTENTIONAL MISCONDUCT

Intentional misconduct does not receive protection under the ADA.

## JURY INSTRUCTION NO. 28

## DAMAGES - PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the Plaintiff on any of the Plaintiff's claims, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. In determining the measure of damages, you should consider the following:

1. The nature and extent of the injuries;

2. The mental and emotional pain and suffering experienced by the Plaintiff;

3. The reasonable value of wages, benefits, earnings and earning capacity lost to the present time; and

4. The reasonable value of wages, benefits, earnings and earning capacity which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## JURY INSTRUCTION NO. 29

## MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

1. The nature and extent of the injuries;

2. The mental and emotional pain and suffering experienced by the Plaintiff;

3. The reasonable value of wages, benefits, earnings and earning capacity lost to the present time; and

4. The reasonable value of wages, benefits, earnings and earning capacity which with reasonable probability will be lost in the future.

## JURY INSTRUCTION NO. 30

## DAMAGES - MITIGATION

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The Defendant has the burden of proving by a preponderance of the evidence:

1. that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

## JURY INSTRUCTION NO. 31

### DAMAGES ARISING IN THE FUTURE - DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages. Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

# JURY INSTRUCTION NO. 32

## JURY DELIBERATIONS

You will be retiring to the jury room in a moment to begin your deliberations. You will have with you in the jury room all of the exhibits that have been received in this case, these instructions, and the verdict form.

You may take with you into the jury room any notes that you have taken during the trial. You may use your notes to aid your recollection of the testimony and evidence in this trial. Bear in mind, however, that such notes are simply another form of recollection and you should not place undue emphasis on them simply because they are written. Also remember that each party is entitled to the considered decision of each juror. Therefore, you should not give undue weight to another juror's notes if those notes conflict with your recollection of the evidence.

# JURY INSTRUCTION NO. 33

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 34

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# JURY INSTRUCTION NO. 35

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.