IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KIMBERLY ARNOLD,                                    Case No.: 3:10-cv-1025-AC

                     Plaintiff,                                    VERDICT

        v.

PFIZER, INC.,

                     Defendant.

We, the jury, find:

**Disability Claim**

1.    Did Plaintiff Kimberly Arnold prove, by a preponderance of the evidence, that she was a qualified individual with a disability who could perform the essential functions of her job at the time of her termination?

          ✓ Yes           ____ No

       (If the answer to Question No. 1 is "no," please proceed to Question No. 4. If the answer to Question No. 1 is "yes," please answer Question No. 2.)

VERDICT                                      1

2.    Did Plaintiff Kimberly Arnold prove, by a preponderance of the evidence, that her disability was a motivating factor in Defendant Pfizer, Inc.'s, decision to terminate her employment?

✓ Yes              _____ No

(If your answer to Question No. 2 is "no," please proceed to Question 4.  If the answer to Question No. 2 is "yes," please answer Question No. 3.)

3.    Did Defendant Pfizer, Inc., prove, by a preponderance of the evidence, that it would have made the same decision to terminate Plaintiff Kimberly Arnold regardless of her disability?

_____ Yes              ✓ No

(Please answer Question No. 4.)

4.    Did Plaintiff Kimberly Arnold prove, by a preponderance of the evidence, that she requested an accommodation, and Defendant Pfizer, Inc., failed to provide a reasonable accommodation to her known disability?

✓ Yes              _____ No

(Please answer Question No. 5.)

5.    Did Plaintiff Kimberly Arnold prove, by a preponderance of the evidence, that Defendant Pfizer, Inc., took an adverse employment action against her in retaliation for asking for an accommodation of her disability?

✓ Yes              _____ No

(If the answer to Question No. 5 is "no," please proceed to Question No. 7.  If the answer to Question No. 5 is "yes," please answer Question No. 6.)

6.    Did Defendant Pfizer, Inc., prove, by a preponderance of the evidence, that it would have taken the same adverse employment action against Plaintiff Kimberly Arnold and terminated her employment regardless of whether she requested an accommodation of a disability?

_____ Yes              ✓ No

**Instructions for Completing the Remaining Questions**

7.    The next set of questions pertain to damages.  Whether or not you must answer the next set of questions depends on your answers to the preceding questions.  You must answer Question Nos. 8 through 11, if you answered:

VERDICT                                    2

a.    "Yes" to Question No. 2 and "No" to Question No. 3;

     *or*

b.    "Yes" to Question No. 5 and "No" to Question No. 6;

     *or*

c.    "Yes" to Question No. 4.

Otherwise, you do *not* answer Question Nos. 8 through 11. In that event, the presiding juror should sign and date this verdict form and inform the courtroom deputy that the jury has reached its verdict.

### Damages

8.    What amount, if any, did Plaintiff Kimberly Arnold prove by a preponderance of the evidence that she suffered in economic losses resulting from Defendant Pfizer, Inc.'s, termination of her employment?

$ 2,100,660

(Please answer Question No. 9.)

9.    Did Defendant Pfizer, Inc., prove, by a preponderance of the evidence, that it would have terminated Plaintiff Kimberly Arnold's employment because of her continued use of sedating pain medication had it known of such continued medication use?

   ✓ Yes          _____ No

(If the answer to Question No. 9 is "No," please proceed to Question No. 11. If the answer to Question No.9 is "Yes," please answer Question No. 10.)

10.    By what amount should Plaintiff Kimberly Arnold's economic damages be reduced in light of the discovery of her sedating pain medication use?

$ 2,025,495

11.    What amount, if any, do you award to Plaintiff Kimberly Arnold for emotional distress resulting from Defendant Pfizer, Inc.'s, termination of her employment?

$ 500,000



/////



VERDICT                        3

You have completed your consideration of Plaintiff's claims. The presiding juror should sign and date this form, and inform the courtroom deputy that the jury has reached its verdict.

DATED this ___13___ day of June, 2014

_____
Presiding Juror

VERDICT                                        4