IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY ARNOLD,

                    Plaintiff,

        v.

PFIZER INC.,

                    Defendant.

Case No. 10-cv-01025-AC

OPINION AND ORDER
ON MOTION FOR JUDGMENT

ACOSTA, Magistrate Judge

On February 5, 2015, plaintiff Kimberly Arnold ("Arnold") filed a Motion for a Proposed Judgment (ECF No. 307), based upon the verdict rendered in her jury trial. Defendant Pfizer, Inc., ("Pfizer") has filed its response (ECF No. 315), and Arnold has filed her reply (ECF No. 317). For the reasons that follow, the court grants in part and denies in part Arnold's motion, and will enter judgment consistent with the rulings set forth below.

*BACKGROUND*

On June 13, 2014, the jury reached a verdict in Arnold's favor and against Pfizer on her claims of discrimination and retaliation based on her disability under Title I of the Americans with

1 - OPINION AND ORDER ON MOTION FOR JUDGMENT

Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq,* and the Oregon Rehabilitation Act, Oregon Revised Statutes ("ORS") 659A.100 *et seq.* The jury found in Arnold's favor on her claims for disability and retaliation, and for failure to provide reasonable accommodation under the ADA and state law. The jury awarded Arnold $2,700,660 in economic damages resulting from her termination, which it reduced by $2,025,495, because the jury found that Arnold continued to use sedating medication without informing Pfizer, violating Pfizer policy. This resulted in a net economic damages award of $675,165. The jury also awarded Arnold $500,000 in emotional distress damages.

In Arnold's Proposed Judgment, she seeks an award of prejudgment interest at Oregon's statutory rate of nine percent pursuant to ORS 82.101, rather than the current and substantially lower federal post-judgment interest rate pursuant to 28 U.S.C. § 1961. Arnold also seeks prejudgment interest at the Oregon rate on her emotional distress damages from the date of the jury verdict until the date judgment is entered.

Pfizer maintains that any award of prejudgment interest is within the court's discretion, and that it is not appropriate in this case. Additionally, Pfizer argues that if prejudgment interest is awarded, the rate should be calculated pursuant to 28 U.S.C. § 1961.

The parties agree that post-judgment interest is set by federal statute, 28 U.S.C. § 1961, and begins to accrue from the date a final appealable judgment is entered.

## *DISCUSSION*

I.    *Entitlement to Prejudgment Interest*

In the absence of controlling law, the court has considerable discretion in determining an award of prejudgment interest. *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288

(9th Cir. 1984). Prejudgment interest is an element of compensation, not a penalty, and has the primary purpose of making an aggrieved party whole. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001)(holding that the district court abused its discretion in awarding a 16 percent prejudgment interest rate on an ERISA award, double the rate of return on defendant's investment portfolio). "'[M]oney has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully[.]'" *Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 922 (9th Cir. 1995)(quoting *Partington v. Broyhill Furniture Indus.*, 999 F.2d 269, 274 (7th Cir. 1993)). The court's award of prejudgment interest is within the court's discretion and is guided by the balancing of equities. *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007); *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971); *Stone v. Bayer Corp. Long Term Disability Plan*, No. 08-CV-356-BR, 2010 WL 2595675, *3 (D. Or. June 21, 2010).

Pfizer argues that Arnold should not be awarded prejudgment interest because it would result in a windfall for Arnold. Pfizer maintains that Arnold was awarded damages, as well as emotional distress damages, and that prejudgment interest would be an unfair economic benefit. Pfizer also maintains that awarding prejudgment interest would unfairly reward plaintiff for failing to disclose her continued use of sedating medication.

The court rejects Pfizer's contention that awarding prejudgment interest in this case represents a penalty to Pfizer, and not compensation for Arnold. The economic damages awarded by the jury likely represents Arnold's lost wages. (Declaration of Carl Post ("Post Dec.")(ECF No. 309), Ex. A, p. 6.) As the jury determined, Pfizer terminated Arnold's employment and did so wrongfully, depriving her of her pay from the date of her termination. From the date of Arnold's termination, Pfizer had use of the money it otherwise would have been paying to Arnold in salary.

Arnold established at trial she engaged in reasonable efforts to find suitable alternative employment, but was unable to find work until August 9, 2013, thus making the consequences of her lost wages especially harsh and burdensome. Lastly, Arnold testified that her new employment was on a straight commission basis. Awarding prejudgment interest in this case serves to fully compensate Arnold for her lost wages. *See Loeffler v. Frank*, 486 U.S. 549, 558-59 (1988)(in Title VII case, prejudgment interest authorized on award for backpay); *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1449 (9th Cir. 1984)(prejudgment interest on Title VII backpay award appropriate).

Contrary to Pfizer's contention, awarding prejudgment interest does not reward Arnold for continuing to use sedating medication. As noted above, the jury initially awarded Arnold $2,700,600 in economic damages, which it then substantially reduced to account for Arnold's use of sedating medication. Failing to award prejudgment interest would, in essence, constitute an unwarranted further reduction on the same basis. Accordingly, on this record, and for these reasons, the court exercises its discretion to grant Arnold's request for prejudgment interest.

II.    *Appropriate Rate and Duration of Award*

"Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest." *Blankenship*, 486 F.3d at 628 (internal quotation marks omitted); *see also Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1093 (9th Cir. 2014)(noting that post-judgment interest rate is often used for prejudgment interest); *MHC, Inc. v. Oregon Dep't of Revenue*, 66 F.3d 1082, 1091 n.10 (9th Cir. 1995)("In the prejudgment interest context, we assess the rate applicable for post-judgment interest unless the equities of the particular case require a different rate."). Thus, unless the trial court finds by substantial evidence that a rate higher than 28 U.S.C. § 1961 is required, the post-judgment interest rate will apply. *Blankenship*,

4 - OPINION AND ORDER ON MOTION FOR JUDGMENT

486 F.3d at 628; *Rabbat v. Standard Ins. Co.*, 894 F.Supp.2d. 1311, 1323-24 (D. Or. 2012); *see also*

*Estate of Reynolds v. Martin*, 985 F.2d 470, 472 (9th Cir. 1993)(applying 28 U.S.C. § 1961 to

calculate prejudgment interest in Title VII back pay award).

The court finds that Arnold has not demonstrated substantial evidence sufficient to require

application of Oregon statutory rate of nine percent. Although Arnold argues that the Oregon rate

is applicable because she prevailed on her state law claims, Arnold also prevailed on her federal

ADA claims. More importantly, the jury did not allocate damages based on violations of state or

federal law. This provides the court with no basis upon which to conclude that Arnold's economic

damages were based exclusively on state law. *See Hutchins v. DirecTV Customer Service Inc.*, No.

1:11-CV-422-REB, 2014 WL 3572045, *18 (D. Idaho July 21, 2014 (awarding prejudgment interest

pursuant to 28 U.S.C. § 1961 on ADA and state law discrimination claims); *but see Jadwin v.

County of Kern*, 767 F. Supp. 2d 1069, 1091-1093 (E.D. Cal. 2011)(setting prejudgment interest rate

by averaging state and federal rates where court could not distinguish verdict for violations of FMLA

and California Family Rights Act).

Contrary to Arnold's suggestion, Arnold invoked the court's federal question jurisdiction by

filing her claims initially in this court, which weighs in favor of applying a federal rate to her claims.

Thus, Arnold claims did not come to this court by removal from state court or because there is

diversity of citizenship between the parties. In such cases, application of a higher, state rate may be

justified. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007)(applying Alaska statutory rate

to prejudgment interest in diversity action); *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*,

513 F.3d 949, 961 (9th Cir. 2008)(applying prejudgment interest at Washington rate because

judgment was entered on substantive state law claim). However, in this case, it is impossible to

5 - OPINION AND ORDER ON MOTION FOR JUDGMENT

discern whether the jury's verdict was premised on state or federal law as the claims were substantively identical and the verdict did not distinguish between them. Therefore, in the absence of substantial evidence demonstrating that a rate other than 28 U.S.C. § 1961 should apply, the court awards prejudgment interest at the federal rate. *See Rabbat*, 894 F. Supp. 2d at 1323-24 (applying prejudgment interest pursuant to 28 U.S.C. § 1961 where plaintiff failed to provide substantial evidence that higher Oregon rate should apply).

Accordingly, the court awards prejudgment interest at rate set forth in 28 U.S.C. § 1961 on Arnold's economic damages award from August 1, 2009 (the first full month following Arnold's termination for which she seeks economic damages) through January 31, 2014 (the last full month prior to the date Pfizer discovered Arnold was using sedating medication). Post Dec. (ECF No. 309), Ex. C, p. 3, & Ex. D, p. 1-4.

The court also grants Arnold's request for prejudgment interest on her emotional distress damages from the date of the verdict until the date the final, appealable judgment is entered also is granted. Prejudgment interest may be awarded on both economic and non-economic damages. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013); *Murphy v. City of Elko*, 976 F. Supp. 1359, 1364 (D. Nev. 1997). Arnold testified that she suffered emotional distress following her termination. Emotional distress has been characterized as an "actual loss" for which prejudgment interest is available. *Barnard*, 721 F.3d at 1078; *Murphy*, 976 F. Supp. at 1364. Arnold maintains that her entitlement to the emotional distress damages became due on the date the verdict was entered, June 13, 2014, and that therefore, prejudgment interest is appropriate from the date of the verdict until a final, appealable judgment is entered.

The court concludes that fairness and equities weigh in Arnold's favor. Here, the jury determined that Arnold was terminated wrongfully, and that she suffered emotionally as a result. Moreover, Arnold's request that prejudgment interest on her non-economic damages run only from the date of the verdict fairly recognizes the jury's substantial reduction of her damages because of her continued medication use. Accordingly, the court concludes that Arnold is entitled to prejudgment interest on her emotional distress damages from the date of the verdict, June 13, 2014, until a final, appealable judgment is entered.

III.    *Post-Judgment Interest*

Post-judgment interest on a district court judgment is mandatory. 28 U.S.C. § 1961; *Barnard*, 721 F.3d at 1078; *see Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 289-90 (9th Cir. 1995)("Failure to award post[-]judgment interest would create an incentive for defendants to exploit the time value of money by frivolously appealing or otherwise delaying payment."). The parties do not dispute an award of post-judgment interest on Arnold's economic and emotional distress damages. Accordingly, Arnold is entitled to an award of post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961, from the date final judgment is entered to the date of satisfaction of the judgment.

*CONCLUSION*

For these reasons, Arnold's Motion for Judgment (#307) is  GRANTED IN PART AND DENIED IN PART. Arnold's Motion for Judgment is GRANTED to the extent that prejudgment interest on her economic damages is awarded from August 1, 2009 through January 31, 2014, and on her emotional distress damages from June 13, 2014 through entry of judgment, pursuant to 28 U.S.C. § 1961. Arnold's Motion also is GRANTED regarding her request for post-judgment interest

on her entire award, from the date of the jury's verdict until paid. Arnold's motion is otherwise DENIED.

IT IS SO ORDERED.

DATED this 18th day of MARCH, 2015.

John V. Acosta
United States Magistrate Judge

8 - OPINION AND ORDER ON MOTION FOR JUDGMENT