**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **KIMBERLEY ARNOLD**,<br><br>            Plaintiff,<br><br>    v.<br><br>**PFIZER, INC.**,<br><br>            Defendant. | Case No. 3:10-CV-1025-AC<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**Oral Argument Requested** |

### MEMORANDUM OF LAW

**I.    Introduction**

On June 3, 2014, the jury trial of this case began before the Honorable John V. Acosta, United States Magistrate Judge. On June 13, 2014, the jury rendered a verdict in favor of Plaintiff Kimberly Arnold ("Plaintiff") and against Defendant Pfizer, Inc. ("Defendant") for $2,700,660 in economic damages and $500,000 in emotional distress damages. The jury reduced

PAGE 1 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

the economic damage award by $2,025,495, leaving a net amount of economic damages of $675,165. See Doc. No. 265.

Pursuant to 42 U.S.C. §12205, 42 U.S.C. §12117, 42 U.S.C. § 2000e-5, 42 U.S.C. § 1988, ORS 20.107, ORS 659A.885, Fed. R. Civ. Pro. 54, and LR 54, Plaintiff petitions this Court for her costs and reasonable attorney fees. Pursuant to LR 7.1, Plaintiff's counsel has conferred with Defendant's counsel on this Motion and the parties have been unable to resolve their differences. Plaintiff requests attorney fees of $482,589.00. Plaintiff requests costs and expenses in the total amount of $53,008.51.

**II.     Plaintiff's requested attorney fees are reasonable.**

Plaintiff is entitled to a reasonable attorney fee award against Defendant. Plaintiff meets and exceeds her initial burden of substantiating the hours worked and rates claimed.

In the Ninth Circuit, courts use a lodestar/multiplier approach to determining a reasonable amount for attorney fee awards. *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996). First, the lodestar is calculated by multiplying the reasonable amount of hours spent on the case by the reasonable hourly rate of the attorney. *Id.* The lodestar amount is presumptively reasonable. *Van Gerwen v. Guar. Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000). Then, the court may use a multiplier to adjust the lodestar amount upward or downward if there is specific evidence in the record and findings made by the court that the lodestar amount is unreasonably low or high. *Id.*

In order to determine whether the number of hours spent by an attorney were reasonable, it is instructive to review the opposing counsel's tactics. *See Bayless v. Irv Leopold Imports, Inc.,* 659 F.Supp. 942, 943 (D. Or. 1987). Also, it is important to review the other side's overall

**PAGE 2 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

hours, the total fee paid, and some evidence of the experience level and billing rates of the attorneys participating in the case. *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383 (9th Cir. 1990) *citing, Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1986). The Ninth Circuit has recognized that pre-litigation fees can be compensable. *See G&G Fire Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893 (9th Cir. 1998), *rev'd on other grounds*, 526 U.S. 1061 (1999). The time spent preparing and litigating an attorneys' fee motion is recoverable. *McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995); *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995). The lodestar figure should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity. *Davis*, 976 F.2d at 1546. In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Ninth Circuit standard for varying the lodestar amount to reflect the particulars of a given case is provided in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). *MacDougal v. Catalyst Nightclub*, 58 F.Supp.2d 1101, 1104 (N.D. Cal. 1999). After determining the lodestar figure, "the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr*, that have not been subsumed in the lodestar calculation." *Ulead Systems v. Lex Computer & Management Corp.*, 151 F.Supp.2d 1192, 1209 (C.D. Cal. 2001); *see Intel Corp. v. Terabyte Intern.*, 6 F.3d 614, 622 (9th Cir. 1993). The *Kerr* factors are:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The skill requisite to perform the legal services properly;

PAGE 3 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

    4.       The preclusion of other employment due to acceptance of the case;

    5.       The customary fee;

    6.       The contingent or fixed nature of the fee;

    7.       The limitations imposed by the client or the case;

    8.       The amount involved and the results obtained;

    9.       The experience, reputation, and ability of the attorneys;

    10.     The undesirability of the case;

    11.     The nature of the professional relationship with the client;

    12.     Awards in similar cases.

*Kerr*, 526 F.2d at 70. The Ninth Circuit continues to employ the *Kerr* factors as potential bases of adjustment to the initial lodestar calculation. *MacDougal v. Catalyst Nightclub*, 58 F.Supp.2d 1101, 1104 (N.D.Cal. 1999); *see Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998).

    Finally, in a proper case the District Court may enhance the lodestar with a multiplier. *Fadhl v. City and County of San Francisco*, 859 F.2d 649, 651 (9th Cir. 1986); *see Clark v. City of Los Angeles*, 803 F.2d 987 (9th Cir. 1986) (multiplier of 1.5 upheld where plaintiff was rejected by 10 attorneys before finding counsel). The Supreme Court has recognized that in exceptional cases, quality of representation and exceptional results can, in fact, warrant an adjustment to the lodestar. *Wing v. Asarco, Inc.*, 114 F.3d 986, 989 (9th Cir. 1997) (upholding a 2.0 multiplier).

    Although the plaintiff bears the burden of proving that the hours spent and rates claimed are reasonable, there is no requirement that the party requesting an attorney fee award produce actual invoices or time entries as evidence. *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir.

PAGE 4 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

1993). In *Henry,* the court rejected the losing party's claim that the prevailing party had to provide detailed time and expense records and stated that attorney fee awards may be based on the affidavits of counsel, if sufficiently detailed. *Id.* Pursuant to LR 54.3, Oregon district courts determine the initial benchmark hourly rate using the most recent Economic Survey available from the Oregon State Bar. See *Griffin v. City of Portland,* 3:13-CV-01591-MO, Opinion & Order [176] (March 11, 2014).

The materials submitted by Plaintiff substantiate the amount of attorney fees requested. Plaintiff has submitted descriptions of the attorneys' work experience in their declarations and detailed time entries attached as exhibits to the declarations.

Plaintiff's attorney Daniel Snyder has requested the billable rate of $400 per hour. Daniel Snyder holds a Juris Doctorate degree from the University of Notre Dame School of Law and has been practicing law in Portland, Oregon for approximately thirty-six years. Snyder Decl., ¶ 12. After being a prosecutor, and then an attorney for the City of Portland for several years, he has predominately practiced civil rights and employment law. Snyder Decl., ¶ ¶ 5-6. According to the OSB 2012 Economic Survey, the hourly rates for an attorney with over 30 years of experience in Portland, in private practice, irrespective of specialty, are as follows: average rate of $340.00, median rate of $350.00, 25th percentile rate of $275.00, 75th percentile rate of $400.00, and 95th percentile rate of $500.00. Snyder Decl., Ex. 2. Therefore, Daniel Snyder's hourly rate of $400.00 per hour is within the range of reasonable hourly fees.

In 2011, Daniel Snyder was awarded attorney fees against Safeco Insurance at the rate of $350 per hour by the Hon. Stephen Bushong in *James Weakland v. Jorge A. Zurita Balbuena, et al*, Multnomah Circuit Court Case No. 1004-04911. In 2012, Daniel Snyder was awarded

PAGE 5 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

attorney fees at the rate of $350.00 per hour by Hon. Anna Brown, District Judge, in *Shannon Lenon v. Starbucks Corporation*, USDC No. 3:11-cv-1085-BR, and by the Hon. Michael R. Hogan, District Judge, in *Brian Lemos v. Redmond School District and Shay Mikalson*, USDC Case No. 6:12-cv-00896-HO. Daniel Snyder's rate was $350 but has increased it to $400 per hour to adjust for inflation and accurately compensate him for my skills and experience. Snyder Decl. ¶ 14. Daniel Snyder's total attorney fees for this matter equals $361,000. See Snyder Decl., Ex. 1.

Cynthia Gaddis requests a variable billable rate of $185-$225 per hour. Ms. Gaddis has been licensed to practice law for three and a half years. Gaddis Decl., ¶ 3. Ms. Gaddis was a Certified Law Student and clerked at the Multnomah County Attorney's Office for one year, then worked as a contract attorney, volunteered as a pro bono attorney for victims of domestic violence, and practiced law as a single-member limited liability company during her first year as a licensed attorney. Gaddis Decl., ¶ ¶ 2-3.

From October 22, 2012 through February 28, 2015, Ms. Gaddis worked at worked as an attorney at the Law Offices of Daniel Snyder. She handled primarily civil employment law matters along with some personal injury claims and other miscellaneous matters. The firm handles mainly civil litigation. Ms. Gaddis estimates that 90% of her practice at the Law Offices of Daniel Snyder was dedicated to providing legal services to clients pursuing employment claims against their current or former employers. Gaddis Decl. ¶ 5.

Ms. Gaddis worked on this case in 2013-2015. In March 2014, Ms. Gaddis was awarded attorney fees, based on the Oregon State Bar 2012 Economic Survey, at hourly rate of $185 per hour for work performed in 2012 and 2013. See 3:12-cv-01591-MO, Doc. No. 176. According

PAGE 6 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

to the OSB 2012 Economic Survey, the hourly rates for an attorney with 0-3 years of experience in Portland, in private practice, irrespective of specialty, are as follows: average rate of $182.00, median rate of $175.00, 25th percentile rate of $163.00, 75th percentile rate of $198.00, and 95th percentile rate of $246.00. Gaddis Decl., Ex. 2. Therefore, Ms. Gaddis' requested rate of $200 per hour for time she spent on this case in 2014 is reasonable. Ms. Gaddis' experience and knowledge justifies a current billable rate of $225, which is slightly higher than the median for the Portland area for attorneys with 4-6 years of experience. See Gaddis ¶ 10 and Ex. 2. Ms. Gaddis' requested attorney fees relating to emails was reduced from $19,828.50 to 12,614.50. Reasonable attorney fees for Ms. Gaddis equal $46,897.50. See Gaddis Decl., Ex. 1.

Erin McCool requests a variable billable rate of $275-295 per hour. Ms. McCool has been licensed to practice law for eight and a half years. McCool Decl., ¶ 14. Ms. McCool is a graduate of the Marshall-Wythe School of Law at the College of William & Mary in Williamsburg, Virginia. While in law school she was a clerk for the Commonwealth's Attorney of Washington County Virginia and for OSPIRG (Oregon State Public Interest Research Group). During law school she also participated in the law school's Domestic Violence Clinic and tried criminal domestic violence cases as a certified law student in the Commonwealth of Virginia. During her second year in law school she served as Symposium Editor for the *William & Mary Environmental Law and Policy Review*, one of only three 2L editors for student publications, and was the recipient of the Gambrell Professionalism Award. During her third year in law school she was a teaching assistant for the law school's Legal Skills program and was Senior Articles Editor for the *William & Mary Environmental Law and Policy Review*. After law school graduation Ms. McCool clerked for the Honorable Rex Armstrong at the Oregon Court of

PAGE 7 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

Appeals for two years. In March 2009, she began working for the Law Offices of Daniel Snyder as an associate attorney. Ms. McCool worked at the Law Offices of Daniel Snyder until December 2012. She primarily handled employment law cases while employed there. After leaving the Law Offices of Daniel Snyder, she began working at her current employer Ogden Murphy Wallace P.L.L.C. McCool Decl. ¶¶ 4-7.

Ms. McCool primarily worked on this case in 2011-2012. Based on the Oregon State Bar 2012 Economic Survey, at hourly rate of $275 per hour for work performed in 2011 and 2012 is reasonable. That rate is in between the 75th and 95th percentile for attorneys working in Portland with 4-6 years of experience. During 2011 and 2012 Ms. McCool had 5 and 6 years of experience, respectively. Ms. McCool's experience and specialty in employment matters justifies a rate of $275 per hour during 2011 and 2012. Ms. McCool now has 8.5 years of experience and a current reasonable rate for Ms. McCool is $295 per hour, which is the 75th percentile for attorneys with 7-9 years of experience in the Portland area. See McCool Decl. ¶ 14 and Ex. 2. Ms. McCools' requested attorney fees for emails was reduced from $3,712.50 to $2,777.50. Reasonable attorney fees for Ms. McCool equal $42,658.00. See McCool Decl., Ex. 1.

Carl Post requests a variable billable rate of $275-295 per hour. Mr. Post has been licensed to practice law for eight years and nine months. Post Decl. ¶ 2. Mr. Post successfully ran his own law practice in Medford, OR for from January 2007 until April 2009, when he joined the Law Offices of Daniel Snyder. Mr. Post specializes in employment discrimination claims, has been the lead attorney on three jury trials, co-chaired a bench trial, and has appellate experience. Additionally, Mr. Post has been recognized as a Rising Star by Super Lawyers the past two years. Post Decl. ¶¶ 3-5.

PAGE 8 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

Based on the Oregon State Bar 2012 Economic Survey, at hourly rate of $275 per hour for work performed in 2010 through 2013 is reasonable. That rate is in between the 75th and 95th percentile for attorneys working in Portland with 4-6 years of experience. From 2010 through 2013, Mr. Post had 4 to 7 years of experience, respectively. Mr. Post's experience and specialty in employment matters justifies a rate of $275 per hour during 2010 through 2013. Similarilty, a slight increase to $285 per hour for time worked in 2014 is reasonable. Mr. Post now has 8.75 years of experience and a current reasonable rate for Mr. Post is $295 per hour. According to the OSB 2012 Economic Survey, the hourly rates for an attorney with 7-9 years of experience in Portland, in private practice, irrespective of specialty, are as follows: average rate of $258, median rate of $250, 25th percentile rate of $225, 75th percentile rate of $295, and 95th percentile rate of $375. Post Decl., Ex. 2. Furthermore, $295 per hour is the 95th percentile rate for attorneys with 4-6 years of experience. Mr. Post's request for a rate of $295 per hour is reasonable because of his experience and specialty in employment discrimination claims, prior appellate work, and recognition in the community as an established and respected attorney. Post Decl. ¶ 3-4, 8, and Ex. 2. Mr. Post has only billed for a small fraction of emails in this matter. Reasonable attorney fees for Mr. Post equal $22,148.50. See Post Decl., Ex. 1.

The time entries are sufficiently detailed to show that the amount of hours claims were actually expended on Plaintiff's legal claims asserted in this case. Accordingly, the number of hours spent by each attorney multiplied by the appropriate hourly rate gives the Court a lodestar figure of $482,589.00. This lodestar figure is presumptively reasonable.

### III. Plaintiff is entitled to her litigation expenses

PAGE 9 – MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

Plaintiff is entitled to all out-of-pocket litigation expenses and costs associated with pursuing this matter.

In any action under the ADA, "the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, *including litigation expenses*, and costs." 42 U.S.C. § 12205 (emphasis added). It is well established that these litigation expenses are separate from the costs under 28 U.S.C. §1920, and Plaintiff is entitled to all out-of-pocket expenses that would "normally be charged to a fee paying client." *Pierce v. County of Orange*, 905 F. Supp. 2d 1017 (C.D. Cal. 2012); *see also Corbett v. National Prods. Co.*, 1995 U.S. Dist. LEXIS 6425 (E.D. Pa. 1995) ("Allowance of litigation expenses pursuant to ADA § 505 (42 USC § 12205) is much broader than general provision of 28 U.S.C. § 1920 which permits taxation of certain items as costs; thus, in disability discrimination action … [prevailing] employee may recover reasonable litigation costs not listed in §1920, such as expert witness fees and costs for computerized research, telephone, postage, messenger service, travel, and juror copies of trial exhibits.").

In the Ninth Circuit, "litigation expenses" under the ADA are interpreted "as including the same out-of-pocket expenses that are recoverable under 42 U.S.C. §1988." *Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027 (D. Or. 1996), *aff'd*, 116 F.3d 485 (9th Cir. 1997). Accordingly, 42 USC §1988 "allows for recovery of reasonable out-of-pocket expenses that "would normally be charged to a fee paying client." *Prison Legal News v. Columbia County*, 2014 U.S. Dist. LEXIS 38663 (D. Or. Mar. 24, 2014) (Simon, J.), *quoting Woods v. Carey*, 722 F.3d 1177 n.1 (9th Cir. 2013), *quoting Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994), *quoting Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)

PAGE 10 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

(internal quotes omitted). Out-of-pocket expenses normally charged to fee-paying clients include "photocopying, paralegal expenses, and travel and telephone costs." *See also Clark v. Peco, Inc.*, 1999 U.S. Dist. LEXIS 5919 (D. Or. Apr. 16, 1999) (Hubel, J.) (awarding expert witness fees and mediation expenses).

Reasonable out-of-pocket expenses that are normally be charged to a fee paying client and are charged to the Plaintiff in this matter total $53,008.51. See Post Decl. Ex. 3 and Snyder Decl. Ex. 3.

**IV.    Plaintiff's Bill of Costs is reasonable.**

Plaintiff is also filing a Bill of Costs to recover costs allowed by 28 U.S.C. § 1920. Those costs are also included in the expenses listed above. Plaintiff is not seeking double recovery and is merely covering all avenues for recovery.

## CONCLUSION

Plaintiff should be awarded $482,589 in attorney fees and $53,008.51 in expenses.

DATED: April 1, 2014

**Law Offices of Daniel Snyder**

*/s/ Carl Post*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
Cynthia Gaddis, OSB No. 113907
cindygaddis@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 11 – **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617  Fax (503) 241-2249