**Michael A. Hood***
Michael.Hood@jacksonlewis.com
**Samantha N. Hoffman***
HoffmanS@jacksonlewis.com
Jackson Lewis P.C.
5000 Birch St., Suite 5000
Newport Beach, CA  92660
(949) 885-1360
(949) 885-1380 (facsimile)
* admitted *pro hac vice*

**Sarah J. Ryan, OSB #81311**
Sarah.Ryan@jacksonlewis.com
Jackson Lewis P.C.
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (facsimile)

ATTORNEYS FOR DEFENDANT
PFIZER INC.

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

|  |  |
|---|---|
| KIMBERLY ARNOLD,<br><br>     Plaintiff,<br><br> vs.<br><br>PFIZER INC.,<br><br>     Defendant. | Case No.: 10-CV-1025-AC<br><br>**DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS** |

DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

# TABLE OF CONTENTS

Page

FACTUAL BACKGROUND ................................................................................................ 1

LEGAL ARGUMENT ...................................................................................................... 1

   I.   Attorneys' Fees ...................................................................................................... 1

      A.   Arnold's Request Should Be Reduced Due To Her Lack Of Success On Several Claims. .......................................................................................... 2

      B.   Arnold's Requested Rates Are Too High .................................................... 3

        1   Daniel Snyder ...................................................................................... 4

        2   Erin McCool ........................................................................................ 5

        3   Cynthia Gaddis .................................................................................... 6

        4   Carl Post ............................................................................................. 6

        5   Hart Wagner Attorneys ....................................................................... 7

      C.   Arnold's Hours Requested Are Too High ................................................... 7

        1   Block Billed Entries ............................................................................ 7

        2   Insufficiently Described Entries .......................................................... 8

   II.   Costs ...................................................................................................................... 9

      A.   Travel Expenses ......................................................................................... 9

   CONCLUSION ............................................................................................................... 11

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Antoninetti v. Chipotle Mexican Grill, Inc.*,

  643 F.3d 1165, 1176 (9th Cir. 2010) ........................................................... 2

*Ferland v. Conrad Credit Corp.*,

  244 F.3d 1145 (9th Cir. 2001) ................................................................... 2

*Hensley v. Eckerhart*,

  461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)............................... 2

*J.R. Simplot Co. v. Nestle USA, Inc.*,

  2009 U.S. Dist. LEXIS 62439 (D. Idaho July 20, 2009)............................. 9

*Lemos v. Redmond School District,*

  (Dist. Ct. No. 6:12-cv-00896-HO) ............................................................. 4

*Lennon v. Starbucks Corporation,*

  (Dist. Ct. No. 3:11-cv-1085-BR)................................................................. 4

*MNG Corp. v. Andersen (Atl. Recording Corp.),*

  2008 U.S. Dist. LEXIS 121070, 13-16 (D. Or. May 14, 2008).................... 2

*Noel v. Hall*,

  2013 U.S. Dist. LEXIS 93344 (D. Or. June 3, 2013).................................. 7

*Odima v. Westin Tucson Hotel,*

  53 F.3d 1484 (9th Cir. 1995) .................................................................... 2

*Precision Automation, Inc. v. Tech. Servs.*,

  2010 U.S. Dist. LEXIS 25394, 24-25 (D. Or. Feb. 16, 2010)..................... 8

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

*Sorenson v. Mink*,

    239 F.3d 1140, 1149 (9th Cir. 2001) ........................................................................ 2

*Tozzi v. Advanced Med. Mgmt., Inc.*,

    2001 U.S. Dist. LEXIS 17910, 16-17 (D. Md. 2001)................................................. 2

**Federal Statutes**

29 United States Code § 2601............................................................................................ 1

42 United States Code § 12101.......................................................................................... 1

**State Statutes**

Oregon Revised Statutes Chapter 659A.040 ..................................................................... 1

Oregon Revised Statutes Chapter 659A.046 ..................................................................... 1

Oregon Revised Statutes Chapter 659A.150 ..................................................................... 1

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

## MOTION

Defendant Pfizer Inc. ("Pfizer") opposes the motion of Plaintiff Kimberly Arnold

("Arnold") for attorneys' fees and costs, and respectfully requests that the Court deny or reduce

Arnold's application for certain items on the grounds that they are not reasonable.

## FACTUAL BACKGROUND

On June 13, 2014, the jury found in favor of Arnold on her claims of discrimination and

retaliation based on her disability under Title I of the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101 *et seq.*, and for discrimination under the Oregon Rehabilitation Act ("ORA"),

Oregon Revised Statutes ("ORS") 659A.100 *et seq.*[1] The jury awarded Arnold $2,700,660 in

economic damages and $500,000 in emotional distress damages. The jury also found that Pfizer

would have terminated Arnold because of her continued use of sedating pain medication, and

reduced her economic damages by $2,025,495. (ECF No. 265.) Arnold now moves for an award

of attorneys' fees and costs.

## LEGAL ARGUMENT

### I.    Attorneys' Fees

Arnold is only entitled to *reasonable* attorney's fees for her claims of discrimination and

retaliation based on the ADA and for discrimination under the ORA. Courts employ the

 "lodestar" method to determine whether a prevailing party's request for fees and costs is

---

[1] Arnold asserted several other claims that were not ultimately before the jury, including (1) injured worker discrimination and retaliation (in violation of ORS Chapter 659A.040); (2) failure to reemploy (in violation of ORS Chapter 659A.046); (3) violation of Family and Medical Leave Act (29 U.S.C. § 2601 et seq.); (4) violation of Oregon Family Leave Act (ORS 659A.150 et seq.); (5) failure to reinstate (in violation of ORS Chapter 659A.043); (6) wrongful termination in violation of state common law; (7) intentional infliction of emotional distress in violation of state common law. Pfizer successfully moved for summary judgment on Arnold's claims for retaliation under the ORA, workers' compensation discrimination, and wrongful discharge. (ECF No. 133.) At the close of Arnold's case in chief during trial, Pfizer successfully moved for judgment as a matter of law as to Arnold's FMLA and punitive damages claims. (ECF No. 261.)

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

reasonable. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010).

The lodestar method requires a court to multiply the number of hours the prevailing party

*reasonably* expended by a *reasonable* hourly rate. *Id.; see also Hensley v. Eckerhart*, 461 U.S.

424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).  The burden is on the fee applicant to show

reasonableness of both the number of hours expended and the rate claimed. *Hensley*, 461 U.S. at

433. The Court may adjust the lodestar amount to account for other factors.  *Ferland v. Conrad*

*Credit Corp.,*244 F.3d 1145 (9th Cir. 2001).  Here, Arnold has failed to carry that burden.

### A. Arnold's Request Should Be Reduced Due To Her Lack Of Success On Several Claims.

Arnold's overall fee award should be reduced due to the limited nature of her success.

Although Arnold prevailed at trial, fewer than 50% of Arnold's claims made it before the jury.[2]

As the Court has noted, "it would be illogical to conclude that a prevailing party may recover

attorney fees for related claims if it loses those claims . . . " where those claims are finally

determined before the party prevailed. *MNG Corp. v. Andersen (Atl. Recording Corp.)*, 2008

U.S. Dist. LEXIS 121070, 13-16 (D. Or. May 14, 2008). Here, many of Arnold's claims were

finally dismissed before the jury verdict. On September 9, 2013, the Court dismissed Arnold's

claims for retaliation under the Oregon Rehabilitation Act, workers' compensation

discrimination, and wrongful discharge on Pfizer's motion for summary judgment. (ECF No.

---

[2] Although fees are typically allowed for related claims that stem from a common core of facts, *see Odima v. Westin Tucson Hotel*, 53 F.3d 1484,1499 (9th Cir. 1995), they are not allowed where they are "entirely distinct and separate." *See Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Pfizer notes that claims under FMLA are distinct from claims under the ADA, because a disability is not the same as a serious medical condition. *See, e.g.*, *Tozzi v. Advanced Med. Mgmt., Inc.,* 2001 U.S. Dist. LEXIS 17910, 16-17(D. Md. 2001)  (noting that "Even a life-threatening or terminal illness does not qualify as a disability under the ADA, if the illness does not substantially limit one or more major life activities.  Furthermore, inability to perform certain major life activities while recovering from surgery does not constitute a disability where the recovery period is of limited duration, and an eventual return to normal functioning occurs.") (internal citations omitted).

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

133.) Subsequently, on oral motion at the close of Pfizer's case at trial, the Court dismissed Arnold's claim for violations of FMLA as well as her claim for punitive damages. (ECF No. 261.)

Additionally, the jury substantially reduced Arnold's economic damages due to Pfizer's after-acquired evidence affirmative defense – that Pfizer would have independently come to the decision to terminate Arnold due to her use of sedating medication. The jury reduced Arnold's total damage award of $3,200,660 to $1,175,165 – or a reduction of approximately 63%. Concomitantly, Arnold's lodestar fee request should be adjusted downward. Pfizer respectfully requests that the Court choose 63% as the percentage of reduction to reflect this partial degree of success, reducing Arnold's total fees from $482,589.00 to $178,557.93.

## B. Arnold's Requested Rates Are Too High

District Court of Oregon Local Rule of Civil Procedure 54-3 provides that fee petitions should "address the [Oregon State Bar] Economic Survey and provide justification for requested hourly rates higher than reported by the Survey." LRCi 54-3 Practice Tip. Arnold has not done so.

The chart below shows the attorneys claiming fees in this case, the year (and month, if known) that the attorney was admitted, the average rates from the Economic Survey, and the rates Arnold requests.

| Attorney | Admitted | Portland Average Rate[3] | Rate Requested |
|---|---|---|---|
| Daniel Snyder | 1978 | $340 (2010-2015) (over 30 years) | $400 (2010 – 2015)[4] |
| Erin McCool | 2006 | $210 (2010-2012) (4-6 years) $258 (2013-2015) (7-9 years) | $275 (2011-2012) $295 (2015)[5] |

---

[3] Oregon State Bar 2012 Economic Survey, *available at* https://www.osbar.org/surveys_research/snrtoc.html.

[4] *See* Decl. of Daniel Snyder in Support of Pltf.'s Mot. for Atty. Fees and Costs. (ECF No. 325.)

[5] *See* Decl. of Erin McCool in Support of Pltf.'s Mot. for Atty. Fees and Costs. (ECF No. 326.)

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

| Attorney | Admitted | Portland Average Rate[6] | Rate Requested |
|---|---|---|---|
| Cynthia Gaddis | October 2011 | $182 (2011-2015) (0-3 years) | $185 (2012-2013) $200 (2014) $225 (2015)[7] |
| Carl Post | April 2006 | $210 (2010-2013) (4-6 years) $258 (2013-2015) (7-9 years) | $275 (2010-2013) $285 (2014) $295 (2015)[8] |
| Hart Wagner Attorneys:[9] Partner Janet M. Schroer, Associate Mark C. Sherman, Associate Marjorie A. Speirs | Unknown | Unknown | $325 (Partner) $225 (Associate) |

1    Daniel Snyder

Mr. Snyder requests a rate of $400. Mr. Snyder points to two recent cases in which he has

been awarded fees at a rate of $350 per hour, including *Lennon v. Starbucks Corporation* (Dist.

Ct. No. 3:11-cv-1085-BR), ruling on motion for attorneys' fees April 19, 2012, and *Lemos v.*

*Redmond School District* (Dist. Ct. No. 6:12-cv-00896-HO), ruling on motion for attorneys' fees

September 12, 2012. As justification for the rate of $400, Mr. Snyder explains, "My rate was at

$350 for many years and I increased my rate to $400 per hour to adjust for inflation and

accurately compensate me for my skills and experience."

An increase for inflation and experience of 14% over the course of two and a half years is

excessive.  According to the Economic Survey, the average rate charged by an attorney with 21-

30 years of experience increases only $14, or 4%, for attorneys with more than 30 years of

---

[6] Oregon State Bar 2012 Economic Survey, *available at* https://www.osbar.org/surveys_research/snrtoc.html.

[7] *See* Decl. of Cynthia Gaddis in Support of Pltf.'s Mot. for Atty. Fees and Costs. (ECF No. 327.)

[8] *See* Decl. of Carl Post in Support of Pltf.'s Mot. for Atty. Fees and Costs. (ECF No. 324.)

[9] Note: Mr. Snyder indicates in his declaration that he sought the expertise of Janet Schroer, a partner at Hart Wagner, for her expertise regarding post-trial motions. *See* Decl. of Daniel Snyder in Support of Plaintiff's Motion for Attorney Fees and Costs. (ECF No. 325.)

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

experience. A 4% increase for Mr. Snyder's 2.5 years of experience since his fee awards in 2012 would bring his rate to $364 per hour. Adjusting for inflation using the United States Bureau of Labor Statistics calculator,[10] $364 in 2012 has the same buying power as $372.13 in 2015. Accordingly, Pfizer respectfully requests that the Court select $372.13 as a more appropriate rate adjusting for 2.5 years of experience as well as inflation, especially given that some of the work performed on this case was contemporaneous with work performed in district court cases in which the Court awarded fees for Mr. Snyder's work at a rate of $350. This would result in a reduction in Mr. Snyder's attorney's fees from $361,000.00 to $335,847.33.

    2  <u>Erin McCool</u>

Ms. McCool asserts that her experience and knowledge justify the rates she requests. Ms. McCool was admitted in 2006. From 2011-2012, when she was working for the Law Offices of Daniel Snyder in this matter, she would have fallen into the category of having 4-6 years of experience. Her requested rate of $275 falls somewhere between the 75th and 95th percentile of hourly billing rates according to the Economic Survey. Ms. McCool's volunteer work, including serving on the board for a high school scholarship fund for Belize and working during law school for the school's Domestic Violence Clinic, may be laudable, but it is not related to the instant matter and thus does not support departing so significantly from the average rate charged for Portland attorneys with her number of years of experience. Therefore, Pfizer respectfully requests that the Court select the median of $218 per hour for attorneys who have been admitted for 4-6 years and $250 for the work Ms. McCool performed in support of the instant fee petition. Ms. McCool claims $41,360 in attorney's fees working on the case, which Pfizer requests be

---

[10] United States Bureau of Labor Statistics CPI Inflation Calculator, *available at* http://www.bls.gov/data/inflation_calculator.htm.

DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS - 5

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

reduced accordingly to $32,787.10. Ms. McCool also claims she performed 4.4 hours in support of the attorney's fee motion – Pfizer requests that the Court reduce the $1,298 claimed amount by $198 to $1,100.

3   Cynthia Gaddis

Ms. Gaddis, admitted in 2011, will have been admitted four years this year. As such, she falls into the category of 0-3 years admitted for the majority of work performed on this case. Ms. Gaddis's requests for 2014 and 2015 are between the 75th and 95th percentile of fees charged. Gaddis's contention that she spent the majority of her time in the office working on employment claims does not support her contention that she should be compensated at a much higher rate than attorneys in her local cohort. Pfizer respectfully requests that the Court select a rate for attorneys with similar experience for her work on this case, or $185 for every year she worked on the case. Pfizer respectfully requests that the Court reduce Ms. Gaddis's requested fees of $46,897.50 to $31,579.50.

4   Carl Post

Mr. Post, admitted in April 2006, will be entering his 10th year of practice in April 2015. Mr. Post requests a rate of $275 for work performed in 2010-2013 (a rate between the 75th and 95th percentile for attorneys with 4-6 years of experience), $285 for work performed in 2014, and $295 for work performed in 2015. Because Mr. Post began to practice primarily employment law starting in 2009, Pfizer respectfully requests that the Court select a rate closer to the median for attorneys with his experience level – for attorneys in Portland with ten years of experience, the median rate is $275. Using a rate of $275 for a total of 76.7 of hours of work performed throughout the case, Pfizer respectfully requests that Mr. Post's fees be reduced from $22,148.50 to $21,092.50.

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

5   Hart Wagner Attorneys

Arnold provides no information about the number of years each Hart Wagner attorney has been admitted to practice, and has made no reference to the Economic Survey or justification for the rates chosen for each of the Hart Wagner attorneys. As such, Pfizer respectfully requests that the Court deny the $9,885.00 in attorneys' fees related to the Hart Wagner attorneys.

## C.  Arnold's Hours Requested Are Too High

Pfizer respectfully requests that the Court reduce several line items in Arnold's fee request.

1   Block Billed Entries

The Court has previously reduced block-billed time by 50% where "the vague nature of the entry makes it impossible for the court to make *any* assessment as to the reasonableness of that time expended."  *Noel v. Hall*, 2013 U.S. Dist. LEXIS 93344 (D. Or. June 3, 2013) (emphasis in original). Pfizer respectfully directs the Court's attention to the following entries as examples of entries where the vague or block-billed nature of the entry makes it impossible to determine the reasonableness of the time expended:

| Attorney | Hours Claimed | Fees Claimed | Task | Location |
|---|---|---|---|---|
| Daniel Snyder | 3.4 | $1,360.00 | Continue to prepare for depositions of Defendant's witnesses this week. Go through and copy deposition exhibits.[11] | ECF No. 325, Ex. 1, at page 3, line 26. |
| Daniel Snyder | 6.6 | $2,640.00 | Leave for deposition of Lonnie Lucherini and take deposition. | ECF No. 325, Ex. 1, at page 3, line 36. |
| Daniel Snyder | 3.1 | $1,240.00 | Work on letter to Dr. Freeman. | ECF No. 325, Ex. 1, at page 7, line 34. |

---

[11] Pfizer respectfully notes that copying deposition exhibits may more properly be characterized as an administrative task, and accordingly requests a reduction in time allowed for this and similar tasks.

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS - 7

| Attorney | Hours Claimed | Fees Claimed | Task | Location |
|---|---|---|---|---|
| Daniel Snyder | 3.6 | $1,440.00 | Prepare for Summary judgment. Read materials. | ECF No. 325, Ex. 1, at page 9, line 14. |
| Daniel Snyder | 4.6 | $1,840.00 | Trial prep. Meeting with client. Prepare trial testimony and go through documents for exhibits. | ECF No. 325, Ex. 1, at page 12, line 39. |
| Daniel Snyder | 10.9 | $4,360.00 | Work on rebuttal and closing argument. Trial. | ECF No. 325, Ex. 1, at page 16, line 28. |
| Erin McCool | 4.1 | $1,127.50 | Research and draft section regarding comparator evidence for MSJ response. | ECF No. 326, Ex. 1, at page 1, line 62. |

Pfizer respectfully requests that the Court reduce these block-billed entries by 50%, for a total reduction of $7,003.75.

2    Insufficiently Described Entries

The Court has previously declined to allow fees for "specific fee entries containing insufficient description to either justify their length and purpose or to identify how much time was spent on multiple tasks." *Precision Automation, Inc. v. Tech. Servs.*, 2010 U.S. Dist. LEXIS 25394, 24-25 (D. Or. Feb. 16, 2010). Pfizer respectfully directs the Court to many entries for which it is impossible to determine whether the purpose or length of time spent is reasonable. Arnold claims .1 for every e-mail in a long chain of both inter-office and out-of-office email chains – for example, there are 9 requests for .1 for emails simply titled "timeline" between Daniel Snyder, Carl Post, and Kimberly Arnold for which it is impossible to determine whether the claim is reasonable (ECF No. 324, Ex. 1, at page 4). Due to the high number of these entries, especially inter-office e-mails, Pfizer respectfully requests that the Court apply a percentage reduction of 20% to all attorneys' fees claimed to account for those entries which are so vague

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

that it is impossible to determine whether or not the fee request is reasonable, or an across-the-board reduction of $96,517.80 in fees.

## II.    Costs

Arnold requests costs and expenses in the amount of $53,008.51. Again, the ADA and ORA authorize cost-shifting only for expenses that are *reasonable*.

Arnold submits a Bill of Costs for $28,157.33 comprising, *inter alia*, $9,436.80 in witness fees, $350 in Clerk's Office fees, $475 in fees for service of process, and $17,895.53 in printed or electronic transcripts. In the Declaration of Daniel Snyder, Arnold asserts that she is owed $383.49 in Hart Wagner expenses. The remaining $24,467.69 is reported in Exhibit 3 to Carl Post's Declaration (ECF No. 324). Arnold asserts that the ADA provides for a broader recovery of expenses under 28 U.S.C. § 1988, providing for recovery of any expense customarily charged to a fee-paying client that may not otherwise be allowed under 28 U.S.C. § 1920. However, Pfizer argues that these expenses and costs must still be reasonable.

### A.  Travel Expenses

Courts within the Ninth Circuit have disallowed travel expenses where they are duplicative of unproductive attorney travel time. *See, e.g.*, *J.R. Simplot Co. v. Nestle USA, Inc.*, 2009 U.S. Dist. LEXIS 62439 (D. Idaho July 20, 2009) (disallowing travel expenses where attorneys claim fees for entire hourly rate and multiple hours expended sitting on an airplane while failing to identify whether travel was productive travel or unproductive travel).

Arnold claims the following travel expenses:[12]

---

[12] *See* Decl. of Carl Post in Support of Pltf.'s Mot. for Atty. Fees and Costs, Ex. 3. (ECF No. 324.)

DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS - 9

| Date | Payee | Description | Amount |
|------|-------|-------------|--------|
| 3/18/2011 | US Airways | Travel Expense | $345.40 |
| 5/4/2011 | US Airways | Travel Expense | $150.00 |
| 5/4/2011 | US Airways | Travel Expense | $226.00 |
| 5/9/2011 | US Airways | Travel Expense | $25.00 |
| 5/10/2011 | Mayflower Cab Company | Taxi | $27.40 |
| 5/10/2011 | US Airways | Travel Expense | $25.00 |
| 5/11/2011 | Broadway Cab | Travel Expense | $32.00 |
| 5/11/2011 | Embassy Suites | Hotel | $263.01 |
| 5/11/2011 | PHX Airport Taxi | Taxi | $30.00 |
| | | **TOTAL TRAVEL EXPENSES** | **$1,123.81** |

Several of the May entries appear to be duplicative of Mr. Snyder's 5/4/2011 time entry for 6.6 hours described as "Leave for deposition of Lonnie Lucherini and take deposition." *See* Decl. of Daniel Snyder in Support of Pltf.'s Mot. for Atty. Fees and Costs. (ECF No. 325, Ex. 3 at page 3.) This entry does not describe whether the travel time was productive or unproductive. Additionally, some of the travel expenses appear to be duplicative of 4.3 hours claimed by Erin McCool on May 9, 2011 described as "Travel to Phoenix for Small deposition" and 4.4 hours claimed on May 10, 2011 described as "Return to Portland from Darcy Small deposition." *See* Decl. of Erin McCool in Support of Pltf.'s Mot. for Atty. Fees and Costs. (ECF No. 327, Ex. 1 at page 1.) Additionally, none of the claimed entries for travel time describe who traveled, to where the attorney traveled, what the travel expense specifically was for, or for what case purpose the expense was incurred. Pfizer respectfully requests that the Court strike all of these claimed expenses because they are duplicative or, in the alternative, they are insufficiently described to determine whether they are reasonable.

DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS - 10

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

## <u>CONCLUSION</u>

For the reasons stated above, Pfizer respectfully requests that the Court deny or deny in part the motion for attorneys' fees, costs, and expenses of Arnold.

Dated this 15th day of April, 2015.

JACKSON LEWIS P.C.


By:    s/ Samantha N. Hoffman

Samantha N. Hoffman*
HoffmanS@jacksonlewis.com
Michael A. Hood*
Michael.Hood@jacksonlewis.com
(949) 885-1360
(949) 885-1380 (facsimile)
Sarah J. Ryan, OSB #81311
Sarah.Ryan@jacksonlewis.com
(503) 229-0404
(503) 229-0405 (facsimile)
* admitted *pro hac vice*

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)

**CERTIFICATE OF SERVICE**

**CASE:**        KIMBERLY ARNOLD v. PFIZER, INC.

**CASE NO.:**   10-CV-1025-AC

I, Lezlee Cutter, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 5000 Birch Street, Suite 5000, Newport Beach, California 92660.  I am over the age of eighteen (18) years and am not a party to this action.

I hereby certify that on April 15, 2015, I electronically filed the following documents in this action with the Clerk of the Court using the CM/ECF system:

**DEFENDANT PFIZER INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS**

The CM/ECF system will send notification to the following:

Daniel Snyder
Carl Post
John D. Burgess
Law Offices of Daniel Snyder
1000 SW Broadway, Suite 2400
Portland, OR 97205
Phone:  (503) 241-3617
Fax:  (503) 241-2249
dansnyder@lawofficeofdanielsnyder.com
carlpost@lawofficeofdanielsnyder.com
johnburgess@lawofficeofdanielsnyder.com

I declare that I am employed in the office of a *pro hac vice* member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2015, at Newport Beach, California.

*s/ Lezlee Cutter*
Lezlee Cutter

4820-7442-9475, v.  5

CERTIFICATE OF SERVICE

**Jackson Lewis P.C.**
1001 SW 5th Ave., Suite 1205
Portland, OR 97204
(503) 229-0404
(503) 229-0405 (fax)