**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

      Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **KIMBERLY ARNOLD**,<br><br>                Plaintiff,<br><br>   v.<br><br>**PFIZER, INC.**,<br><br>               Defendant. | Case No. 3:10-CV-1025-AC<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**Oral Argument Requested** |

Plaintiff submits the following memorandum in reply to the objections stated in Defendant's Response to Plaintiff's Motion for Attorney Fees and Costs.

## DISCUSSION

Defendant's arguments in its Response are factually and legally meritless and will be taken in turn.

////

PAGE 1 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

### A. Plaintiff's claims arise from a common core of facts and legal theories.

Defendant first argues that Plaintiff's attorney fees "should be reduced due to the limited nature of her success" because "fewer than 50% of Arnold's claims made it before the jury." In a footnote, Defendant concedes that fees related to "claims that stem from a common core of facts" are "allowed" but not when they are "entirely distinct and separate." Defendant offers no argument or reason why Plaintiff's dismissed claims are "entirely distinct and separate" from the claims on which she prevailed at trial. Defendant's addresses the issue in a single sentence: "Pfizer notes that claims under FMLA are distinct from claims under the ADA, because a disability is not the same as a serious medical condition."

Defendant's response simply fails to address the controlling decisional law regarding this issue. Federal courts distinguish between related and unrelated claims for purposes of determining attorney fees awards under the lodestar method. *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983). *Hensley* established the rule "that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. County of Los Angeles,* 935 F2d 1050, 1052 (9th Cir. 1991). Federal courts do not treat claims involving a "common core of facts" or "related legal theories" as separate claims to be excluded under the lodestar calculation. In *Hensley*, the U.S. Supreme Court held that before hours can be deducted specifically for unsuccessful claims, the claims must be suitable for entirely separate lawsuits and must be distinct in both law and fact. *Hensley,* 461 U.S. at 434-435; *see also Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 901 (9th Cir. 1995). The Ninth Circuit has stated that

PAGE 2 – PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

> Where a plaintiff prevails on some claims and not on others in an employment discrimination case, the court must engage in a two-part analysis in awarding attorneys' fees. First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. . . . Related claims will involve a common core of facts or will be based on related legal theories. . . . Thus, the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct **entirely distinct and separate** from the course of conduct that gave rise to the injury upon which the relief granted is premised. . . .
>
> Having satisfied the first test, then the court must apply the second part of the analysis, in which the court evaluates the "**significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation**." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995) (emphasis added), *citing Thorne v. El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). It is important to note the two steps in the analysis of these types of cases: first, the court asks whether the claims are related or whether they would properly be raised in separate lawsuits; and second, assuming the claims are related, the court evaluates the result achieved in light of the hours expended.

Here there is no question that Plaintiff's claims were not "entirely separate" with regards to law and facts. All of Plaintiff's claims arose from a common core of facts; namely, her employment with Defendant. *See Odima,* 53 F3d at 1499 (all of plaintiff's claims arose from a common core of facts because they related to "his employment relationship with Westin"). Additionally, all of the claims asserted by Plaintiff were inextricably interwoven, necessitating the discovery and use of a common core of facts, although the core issue was pled under various legal theories. Therefore, it is impractical to attempt to parcel out attorney fees incurred by each claim asserted.

PAGE 3 – PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

None of Plaintiff's claims would have been appropriately brought as a separate lawsuit. Defendant claims a FMLA claim is entirely distinct and separate from an ADA claim based on the sole proposition that a serious health condition may not also be considered a disability under the ADA. Defendant's proposition lacks merit. The claims do not need to be identical; they need to be based upon the same core set of facts or related legal theories. See *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009). FMLA, ADA, workers' compensation discrimination, and wrongful discharge claims involve related legal theories that typically overlap in lawsuits such as this case. There is little question that if these claims had been raised in separate lawsuits, Defendant would have rightly argued that they be consolidated.

The evidence presented during summary judgment supports the fact that the same core set of facts were used to support all of Plaintiff's claims and inextricably interwoven. When each respective witness was deposed, they were deposed in relation to all claims asserted by Plaintiff, and defenses asserted by Defendant. The vast majority of the questions and responses were relevant to each and every claim asserted by Plaintiff, because each claim revolved around the same common core of facts (i.e., Plaintiff's medical condition and the resulting discrimination and retaliation by Defendant). It would be highly inefficient and downright ridiculous to require Plaintiff's counsel to bring a kitchen timer to each deposition and state, "(ding) Now I am going to depose the witness solely in relation to her FMLA claim," and then stop and repeat virtually the same questions in relation to her claim for disability discrimination. Although the Court dismissed certain claims, all the claims involved the same core set of facts and witnesses as the claims Plaintiff prevailed on. The jury still heard from both sides that Ms. Arnold had been injured on the job, had surgeries, had been off work on medical leave, had not fully recovered

PAGE 4 – PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

from her injuries, and as a result had a disability that required accommodations. Supp. Decl. Snyder ¶ 10. Plaintiff's attorney fees should not be reduced merely because some claims were dismissed.

### B. Plaintiff achieved excellent success in litigation.

Since Plaintiff has satisfied the first test, the next question is the degree of success Plaintiff in the overall litigation compared with the number of hours expended. Plaintiff received an extremely successful verdict against Defendant in the amount of $1,175,165. It is important to reiterate that whether a plaintiff did not prevail on all claims is not relevant to determining the level of success she achieved. As the Ninth Circuit held in *Terry v. City of San Diego*, 583 Fed. Appx. 786 (9th Cir. 2014), when the plaintiff's successful and unsuccessful claims are related, "it was error to deduct hours for unsuccessful claims, effectively impermissibly 'divid[ing] the request for attorney's fees on a claim-by-claim basis.' . . . The district court should have considered limited success of *the overall litigation* when determining whether to adjust the lodestar downward." *Id.* (emphasis added), *citing McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009); and *Odima*, 53 F.3d at 1499. Defendant's insinuation that Plaintiff only obtained "limited success" because some of her claims were dismissed is without merit and based upon a confusion of the first and second parts of the Ninth Circuit test. Additionally, Plaintiff's damages would have been the same if Plaintiff prevailed on all of her claims at trial.

Defendant offers no authority to support its assertion that the overall amount of attorney fees should be reduced in correlation to the amount Plaintiff's award was reduced by the jury based on acquired evidence. The fact that the jury verdict was reduced is irrelevant. In the Ninth Circuit, the analysis involves comparing the result achieved with the amount of time expended in

PAGE 5 – PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

the litigation. Defendant does not argue that Plaintiff spent unnecessary time on this lawsuit. In fact, there is no incentive for an attorney working on a contingency basis to devote any more time to a case than is absolutely necessary. There is no precedent for reducing the overall amount because of the reduction by the jury or the emotional distress damages, and Defendant offers none.

Plaintiff achieved significant success in this litigation. After a jury trial Plaintiff was awarded a verdict of approximately 1.2 million dollars, vastly in excess of typical jury verdicts in employment matters in Oregon. The amount of time spent litigating the matter when multiplied by the hourly rate amounts to roughly 40% of the verdict, which is the typical contingency fee percentage after trial. All of Plaintiff's claims, whether dismissed or not, were based on a core set of common facts and related legal theories. The results Plaintiff's counsel obtained were excellent both when considered alone and given the number of hours expended in this litigation. Therefore, granting Plaintiff's full attorney fees according to the lodestar is appropriate and reasonable.

### C. Plaintiff's requested rates are reasonable.

In essence, Defendant's only argument offered to oppose granting Plaintiff's counsel's requested attorney fee rates is that they are above average. Employment discrimination litigation in federal court is a specialized and complex area of law that requires a great deal of experience and skill to perform adequately. The Oregon State Bar 2012 Economic Survey lumps all attorneys together regardless of practice area and includes attorneys that work part time and on a contract basis, some of which earn as little as $40 per hour. The experience and knowledge required to successfully handle complex employment litigation justifies rates that are higher than

PAGE 6 – PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

average. Additionally, Plaintiff is represented on a contingency basis which creates a great amount of risk for her attorneys. The complex legal issues taken together with the risk undertaken by counsel willing to take these cases justifies the higher attorney fee rate charged by Plaintiff's counsel.

1. **Daniel Snyder**

With regards to Daniel Snyder's hourly rate, Defendant's does not address any of the reasons offered by Plaintiff for why his hourly rate should be $400. Instead, it argues that this represents an increase of 14% over the two and a half years since he received a $350 award, and that attorneys average 4% increases per year. Defendant's argument assumes that Mr. Snyder's rate has been increasing over a period of time. It has not. Mr. Snyder's rate has been $350 since 1999. If he had increased his rate at the average rate as Defendant suggests, his current hourly rate would be $630; his hourly rate would have been $400 in 2003. The fact that Mr. Snyder did not change his rate for several years running is not a basis for denying the rate requested. Mr. Snyder has been practicing law for 37 years, most of which has been devoted to complex civil litigation, such as this case. $400 per hour is a reasonable rate and frankly he should receive a higher rate. However, Plaintiff has requested a very reasonable rate of $400.

2. **Erin McCool**

Given Ms. McCool's experience, the complexity of the legal issues involved, the contentiousness of the litigation, the risk associated with representing clients in these matters, and the public policy of encouraging attorneys to represent individuals in employment discrimination cases, her requested rate is reasonable.

3. **Cynthia Gaddis**

PAGE 7 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

Given Ms. Gaddis' experience, the complexity of the legal issues involved, the contentiousness of the litigation, the risk associated with representing clients in employment discrimination cases, and the public policy of encouraging attorneys to represent individuals in such cases, her requested rate is reasonable. Defendant offers no explanation why an attorney's rate should remain stagnate throughout litigation. Logically rates would increase as an attorney gains experience. Judge Mosman previously found Ms. Gaddis deserved an hourly rate of $185 per hour for work performed in 2012 and 2013 in *Griffin v. City of Portland et al*, 3:12-cv-01591-MO Doc. No. 176). Ms. Gaddis has requested a slight increase in 2014 and 2015 to account for her increased experience. Ms. Gaddis' attorney fees totaled $54,111.50. Plaintiff has requested a reasonable amount totaling $46,897.50, which is almost a 14% reduction in her fees. Furthermore, if the court awarded Ms. Gaddis $185 for every year as requested by Defendant then Ms. Gaddis' fees would be $43,290.00, not $31,579.50 as suggested by Defendant.[1] Ms. Gaddis' requested fees are reasonable and she should be awarded the full amount requested.

4. **Carl Post**

Given Mr. Post's experience, the complexity of the legal issues involved, the risk associated with representing clients in employment discrimination cases, and the public policy of encouraging attorneys to represent individuals in such cases, his requested rate is reasonable. In *Coelho v. Coelho et al.*, Marion County Circuit Court Case No. 12C17927, Mr. Post was awarded attorney fees at his then current hourly rate of $275 by the Honorable Thomas M. Hart for work primarily performed in 2012. Defendant agrees that Mr. Post should be awarded a rate of $275 per hour for the time expended in 2010-2013. However, Defendant does not clarify this

---

1 Note the total hours for Ms. Gaddis listed on Gaddis Decl. Ex. 1, p. 3 should be 164.3 hours and not 100.5. The spreadsheet formula did not sum the entire column.

PAGE 8 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

offers no real reason why Mr. Post's rates should not increase with time. As explained in Plaintiff's memorandum of law, by 2014 Mr. Post had 8 years of experience, most of which in the specialized area of employment law. Mr. Post's requested rate for the 75th percentile rate is reasonable given the complexity and contentiousness of this case and his experience at that time. Given Mr. Post's prior experience, knowledge, and recognition in the community as an established and respected attorney, Mr. Post's requested rates are reasonable.

### 5. Hart Wagner Attorneys

First, the requested rates are reasonable. Janet Schroer, OSB 813645, has been practicing for over 30 years[2] and $350 per hour is reasonable. Mark Sherman, OSB 095055, has been practicing for almost 6 years[3] and a rate of $225 per hour is reasonable. Marjorie A Speirs, OSB 783888, has been practicing for over 30 years[4] and a rate of $225 per hour is reasonable. See also OSB Fee Survey. Second, the court can award Plaintiff the amount paid to the Hart Wagner attorneys as expenses because they were reasonably incurred by our firm in the prosecution of Plaintiff's claims and are billed to the client.

### D. Plaintiff's requested hours are not too numerous.

Defendant makes two arguments regarding the number of hours claimed by Plaintiff: first, that Plaintiff engaged in block billing, and second, that some of the entries are not identified with sufficient specificity. Both arguments are baseless and without merit.

### 1. Block Billing

Defendant argues that Plaintiff's counsel block billed. Defendant is simply mistaken. Block billing is when multiple discrete tasks are grouped together in such a way that the court

---

[2] http://www.osbar.org/members/membersearch_display.asp?b=813645&s=1
[3] http://www.osbar.org/members/membersearch_display.asp?b=095055
[4] http://www.osbar.org/members/membersearch_display.asp?b=783888&s=1

PAGE 9 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

and opposing counsel are unable to determine the reasonableness of the time spent. *Sterling Sav. Bank v. Sequoia Crossing, LLC*, 2010 U.S. Dist. LEXIS 82039 (D. Or. Aug. 11, 2010); *Noel v. Hall*, 2013 U.S. Dist. LEXIS 93344 (D. Or. June 3, 2013). Plaintiff has not done that here. At least one of the tasks Defendant accuses Plaintiff of block billing is an entry with only one task listed. The other tasks clearly include two tasks that occur at the same time or involve the same subject matter, i.e. preparing depositions and putting together the exhibits for that deposition; preparing for summary judgment and reviewing the summary judgment materials; trial preparation, meeting with the client to prepare for trial and reviewing exhibits with the client; researching and drafting a motion; and trial along with preparing closing argument. These are not block billed; they are simply tasks that naturally occur simultaneously and regard the same issue. See Supp. Snyder Decl. ¶¶ 3-8. The 10.9 hours for closing arguments and last day of trial should be divided to 2.1 hours for closing arguments and 8.8 hours for court. Supp. Snyder Decl. ¶ 8. Plaintiff should be awarded all of the fees requested.

    **2. Insufficient specificity**

Defendant states that it directs the attention of the court to entries Defendant alleges are too indistinct to know whether they are reasonable, but then does not actually direct the court to those "many" entries. Defendant provides no real specifics regarding Plaintiff's lack of specificity. Instead, Defendant refers to a single string of entries related to Plaintiff's drafting of her timeline for her attorneys. Plaintiff has provided the general subject matter of the emails so the court can determine that they are related to this litigation. The specific details discussed in the emails are protected by attorney client privilege and the attorney fee petition must balance protecting that information and providing detail to the court. Clearly, communicating with a

PAGE 10 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

client about the timeline of events is reasonably related to the lawsuit and this court has previously determined that billing in .1 increments for emails is reasonable. See 3:14-cv-00328-AC, Doc. No. 24. If the court needs additional information regarding the subject matter of particular emails then Plaintiff will provide them *in camera*. Defendant fails to make any specific objections and offers no reason to apply an across-the-board 20% reduction. Plaintiff has already discounted her emails significantly (37% for Ms. Gaddis's emails; 25% for Ms. McCool; and approximately 76% for Mr. Post). Plaintiff should be awarded the full amount of fees requested.

### E. Plaintiff's costs are reasonable.

Plaintiff is entitled to her costs and expenses pursuant to Pursuant to 42 U.S.C. §12205, 42 U.S.C. §12117, 42 U.S.C. § 2000e-5, 42 U.S.C. § 1988, ORS 20.107, ORS 659A.885, Fed. R. Civ. Pro. 54, and LR 54. Defendant does not dispute Plaintiff is entitled to recover expenses associated with the litigation and only argues that they must be reasonable. Defendant only disputes the reasonableness of the following expenses:[5]

| Date | Payee | Description | Amount |
|---|---|---|---|
| 3/18/2011 | US Airways | Travel Expense | $345.40 |
| 5/4/2011 | US Airways | Travel Expense | $150.00 |
| 5/4/2011 | US Airways | Travel Expense | $226.00 |
| 5/9/2011 | US Airways | Travel Expense | $25.00 |
| 5/10/2011 | Mayflower Cab Company | Taxi | $27.40 |
| 5/10/2011 | US Airways | Travel Expense | $25.00 |
| 5/11/2011 | Broadway Cab | Travel Expense | $32.00 |
| 5/11/2011 | Embassy Suites | Hotel | $263.01 |
| 5/11/2011 | PHX Airport Taxi | Taxi | $30.00 |
| | | TOTAL | $1,123.81 |

Defendant argues that Plaintiff cannot bill for attorney fees relating to travel time and for

---

[5] Additional information has been added to the description to indicate why the travel was necessary.

PAGE 11 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

the cost of the flight, taxi, or hotel room associated with the travel. Defendant's argument is without merit. All of the travel expenses listed above are related to the deposition of Darcy Small that occurred in Phoenix, Arizona because Defendant would not produce Ms. Small in Portland for a deposition. The deposition was originally scheduled for the afternoon of May 10, 2011, and on May 4 it was rescheduled to the morning, which required Ms. McCool to change her flight and incur additional charges. All of the expenses in May 2011 that Defendant objected to are related to Ms. McCool traveling for Ms. Small's deposition. None of these expenses relate to the deposition of Lonnie Lucherini. Supp. Snyder Decl. ¶ 9. Plaintiff's travel expenses were reasonable in this case. These are straightforward and ordinary expenses charged to paying clients in a litigation that involves travel. The time of the attorneys is also charged and is reasonable.

> This District has only generally addressed travel time in civil rights cases:
>
> Civil rights statutes which expressly authorize attorney fees have been interpreted to allow compensation for reasonable costs of litigation over and above those enumerated in 28 USC § 1920, such as attorney's travel expenses. The touchstone in determining whether hours have been properly claimed for travel time is reasonableness. The assessment of reasonableness is made by reference to standards established in dealings between paying clients and the private bar.

*Nat'l Warranty Ins. Co. v. Greenfield*, 2001 U.S. Dist. LEXIS 7763, p.18 (D. Or. Feb. 8, 2001). Defendant has not argued that Plaintiff's taking of the expert deposition in California was unreasonable. Rather, the principle issue raised by Defendant is whether plaintiff is entitled to attorney travel time at the attorney's hourly rate. Although this specific issue has not been addressed in this District, courts in the Eastern District of California have "generally compensated attorneys at their full hourly rate for travel time." *Gordillo v. Ford Motor Co.*, 2014 U.S. Dist. LEXIS 84359 (E.D. Cal. June 19, 2014)

PAGE 12 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

(holding that "so long as the amount of time spent traveling is reasonable, and the meeting or event to which the attorney is traveling is necessary to the case, the court will award compensation of travel time at the attorney's full hourly rate.") This rule reflects both standards in the private bar and the fact that travel time is time for which an attorney is required to be out of the office where she could be making more profitable use of her time.

This District should adopt its sister district's rule and award travel time at the attorney's full hourly rate for reasonable travel time.

## CONCLUSION

Plaintiff should be awarded $482,589 in attorney fees and $53,008.51 in expenses.

DATED: April 22, 2014.

**Law Offices of Daniel Snyder**

*/s/ Carl Post*
Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 13 – **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249