**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KIMBERLY ARNOLD,**<br><br>    Plaintiff,<br><br>v.<br><br>**PFIZER INC.,**<br><br>    Defendant. | Case No. 3:10-CV-1025-AC<br><br>**SUPPLEMENTAL DECLARATION OF DANIEL SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS** |

I, DANIEL SNYDER, make the following statement under penalty of perjury:

    1.    I am attorney for Plaintiff in this lawsuit. I submit this declaration in support of Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Attorney Fees and Costs.

    2.    Defendant contends that my current hourly rate of $400.00 per hour is too high based on the Oregon State Bar Economic Survey. To my best knowledge, the OSB survey does

PAGE 1 – SUPPLEMENTAL DECLARATION OF DANIEL SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

not fairly represent the rates for attorneys in private practice because it includes the rates of attorneys who work part time or as contract attorneys, some of whom charge as little as $40.00 per hour. My information is based on the recent Multnomah Bar Association continuing legal education program hosted by David Markowitz and United States District Judge Michael Simon. Defendant claims that my attorney fee rate has increased by 14% over two and a half years is in error. I have been charging the rate of $350 per hours for fifteen years and only last year increased my rate by $50 per hour to $400 per hour.

       3.       I have not engaged in block billing. On May 1, 2011, I spent 3.4 hours preparing for a series of depositions which included copying some deposition exhibits. Most depositions require a common core of preparation and therefore the preparation is not assigned to a single deponent. I typically prepare for depositions early in the morning when support staff is not available to assist me. Any copying that I did would have been no more than 20 minutes copying and organizing deposition exhibits.

       4.       The day I took Mr. Lucherini's deposition was the only deposition I took that day. I traveled directly to the deposition and returned to my office afterwards. I think that the deposition went from 9:30 a.m. until 3:30 p.m.

       5.       My letter to Dr. Freeman took several hours to compose because I was summarizing the testimony of James Batura, providing Dr. Freeman with pages and lines to review, and marking sections of the testimony for Dr. Freeman.

       6.       I spent 3.6 hours preparing for the summary judgment hearing. I did not work on other matters during that time.

       7.       My time reference for my meeting with Ms. Arnold to prepare for trial is detailed and I was working on the same task the entire time.

PAGE 2 – SUPPLEMENTAL DECLARATION OF DANIEL SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

8.  I worked on the trial closing argument and rebuttal closing argument at the same time. This is my typical pattern when preparing for closing argument. In my experience, it is not possible to separate out the time because I work on both arguments simultaneously. I worked on closing and rebuttal closing arguments for approximately 2.1 hours in the morning before I went court for the last day of trial.

9.  The timeline document that I referenced with my client is a chronological document I keep through every case in litigation. I organize that document by date, chronologically, and I reference the bates numbers on discovery documents so I can find the documents easily. I use that document as a joint document with my clients and frequently send it to them throughout the case so that the client can see what information is being developed.

10. With regard to costs, the costs claimed for US Airways, cab companies, and accommodations concern the deposition of Darcy Small that occurred in Phoenix, Arizona on May 10, 2011 and was taken by Erin McCool. Pfizer would not bring Ms. Small to Portland so the lawyers went to Phoenix for the deposition. The deposition was originally scheduled for the afternoon of May 10, 2011 and was rescheduled to the morning, which required Ms. McCool to change her flight. All of the expenses in May 2011 that Defendant objected to are related to Ms. McCool traveling for Ms. Small's deposition. Additionally, the dates listed are the dates the charges posted to our credit card and therefore some of the charges are dated after the deposition. There is not any duplication between those expenses incurred by Ms. McCool and my taking the deposition of Mr. Lucherini on May 4, 2011.

11. Although the Court dismissed certain claims, all the claims involved the same core set of facts and witnesses as the claims Plaintiff prevailed on. The jury still heard from both sides that Ms. Arnold had been injured on the job, had surgeries, had been off work on medical

PAGE 3 – SUPPLEMENTAL DECLARATION OF DANIEL SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

leave, had not fully recovered from her injuries, and as a result had a disability that required accommodations. When each respective witness was deposed, they were deposed in relation to all claims asserted by Plaintiff, and defenses asserted by Defendant. The vast majority of the questions and responses were relevant to each and every claim asserted by Plaintiff, because each claim revolved around the same common core of facts (i.e., Plaintiff's medical condition and the resulting discrimination and retaliation by Defendant). It would be highly inefficient and downright ridiculous to require Plaintiff's counsel to bring a kitchen timer to each deposition and state, "(ding) Now I am going to depose the witness solely in relation to her FMLA claim," and then stop and repeat virtually the same questions in relation to her claim for disability discrimination.

       I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND IS SUBJECT TO PENALTY OF PERJURY.

       DATED: April 22, 2015

/s/ Daniel Snyder
Daniel Snyder, OSB No. 783856

PAGE 4 – SUPPLEMENTAL DECLARATION OF DANIEL SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249